RECEIVED

FEB 03 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
E. ST. LOUIS OFFICE

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANE F. GIRARD,<br><br>        Plaintiff,<br><br>v.<br><br>MARISSA GIRARD, and<br>KENTON GIRARD,<br><br>        Defendants. | Civil No. 3:26-cv-00118-JPG<br><br>District Judge _____ |

### DEFENDANT MARISSA GIRARD'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, 1443(1) and 1446, Defendant Marissa Girard now files this Notice of Removal ("Notice") for the action originally filed in the Circuit Court of Cook County, State of Illinois – but recently transferred to the Circuit Court of Madison County, State of Illinois – bearing case number 2015-D-009633, styled as *Jane Girard v. Kenton Girard* ("State Court Action").

Pursuant to 28 U.S.C. § 1446(a), the process and pleadings served upon Defendant Marissa Girard through February 3 2026 are attached as **Exhibit A**, and the orders served upon Defendant Marissa Girard through February 3 2026 are attached as **Exhibit B**.

On or around March 2022, Jane Girard commenced the post-decree custody proceedings under the State Court Action by filing a motion for a parenting coordinator. Just over one year later, Jane added Marissa Girard as an additional defendant wherein on May 26 2023, Jane Girard filed an alias summons which references a "Motion to Add Third Party". About a month later, Marissa Girard was served with said summons together with an accompanying paper entitled "Motion to Join Third Party" filed on March 8 2023.

1

On April 28 2025, Marissa Girard was served with a declaratory judgment cross claim from co-Defendant Kenton Girard, which pleading raised federal question on its face, whereupon she filed her first notice of removal under these proceedings, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. The Seventh Circuit declined to disturb the remand order which followed.

In parallel, Marissa Girard has been pursuing her own civil rights lawsuit (original pleading filed in January 2025) against various Cook County judicial staff and a number of Plaintiff Jane Girard's attorneys at Beermann LLP. Under that matter captioned *Girard v. Fernandez et al.*, Civil No. 1:25-cv-000136, N. Dist. Illinois, Marissa Girard seeks redress for numerous affirmative violations of her constitutional rights and her civil rights *specifically caused by the proceedings hereunder* such as the violations of her ADA accommodations premised on her race and disabilities and the violations of her rights under the First, Fifth, Sixth and Fourteenth Amendments and the Civil Rights Act of 1964 (Titles II and VI).

Zeroing in on the violations of her rights under the Civil Rights Act of 1964, there is a pervasive but latent anti-Hispanic/Latinx sentiment in the legal community in Cook County, Illinois and Marissa Girard has been on the receiving end of such racial discrimination. Wherein Marissa is physically disabled and suffers from PTSD and interstitial cystitis which are two (2) separate ADA recognized disabilities[1], and the confluence of the conditions is a *de facto* calling card for her Hispanic/Latinx racial background, the "weaponization" of ADA reasonable accommodations by the so-called courtroom disability coordinators such as forcing Marissa to physically appear at court dates despite her inability to do so, these sorts of practices – which have ramped up in response to Marissa's filing of her civil rights lawsuit – constitute violation of

---

[1] Under PTSD and interstitial cystitis, Marissa experiences disabling symptoms including aphasia (inability to speak), acute short term memory loss, degraded locomotive capability (inability to walk or ambulate) and decreased cognitive function. High-stress situations such as appearing in a courtroom cause a worsening of the symptoms, and both conditions cause Marissa to experience a negative feedback loop, moreover. Onset of symptoms leads to actual worsening of those symptoms.

**2**

the Civil Rights Act of 1964, Titles II and VI, because courtrooms are federally-assisted places of public accommodation.

Indeed the defendants under Marissa's pending civil rights lawsuit continue to play a "cat and mouse" game with Marissa Girard, wherein a Motion to Compel Appearance received on January 16 2026 ordered her physical appearance at certain upcoming court dates ("PLEASE TAKE NOTICE that pursuant to Supreme Court Rule 237(b), the Third Party Respondent, Marissa Girard, is required to appear in open court on February 4, 5, and 6, 2026, at 10:30 a.m. each day in-person or at such time as this case may be continued...").

Beyond the racial discrimination, which gives rise to removal under Section 1443(1), a significant federal question lies in the path of these proceedings before any further court dates may advance. Recently District Judge Jeremy C. Daniel (N. Dist. Illinois) ordered remand of these proceedings pursuant to a separate notice of removal filed by co-Defendant Kenton Girard on January 5 2026. Judge Daniel propounded his order of remand on January 14 2026 around 11:30 AM CST. Around 12:05 PM CST on January 14 2026, Defendant Kenton Girard filed a Notice of Appeal in the district court, appealing a number of decisions taken by Judge Daniel including specifically the order of remand. The Seventh Circuit docketed that appeal (which is currently pending) under Case No. 26-1073 later on the same day, on January 14 2026.

Subsequently, on the following day, the federal clerk for the Northern District of Illinois composed a letter – dated January 15 2026 – certifying the remand to the state clerk. The problem with this timing is the district court was divested of all power to engage in any further action relating to the remand upon the filing of Kenton's Notice of Appeal on January 14 2026. Put differently, the letter signed by the federal clerk was issued without authorization and is void. Pursuant to the mechanics of 28 U.S.C. 1447(c), because that clerk to clerk mailing was

3

unauthorized, jurisdiction was not returned to the state court. In fact, it currently lies with the U. S. Court of Appeals for the Seventh Circuit, until such point as their mandate issues.

The problem arises wherein a trial has been scheduled for February 4-6 2026 by the state court – per a recent order signed on January 21 2026 –fully cognizant of the aforedescribed timing of Kenton's Notice of Appeal and the tardy letter from the federal clerk certifying the remand decision. To put it mildly, a material federal question has been raised as to whether the timing of the pending appeal forecloses further exercise of jurisdiction by the state court prior to the conclusion of that appeal. Removal also under Section 1441 is therefore appropriate here.

**I.      This notice is timely.**

Removal of this action is timely under 28 U.S.C. § 1446(b)(3), which provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In this case, Defendant Marissa Girard has filed this notice within 30 days of being served with "other papers" consisting of the Motion to Compel her appearance received on January 16 2026 which have made ascertainment of removability under Section 1443(1) readily apparent. Additionally, she has filed this notice within 30 days of being served with the Notice of USCA Jurisdiction on January 15 2026 and the following Trial Order dated January 21 2026 rendering paramount importance to the federal question of whether jurisdiction does indeed lie only with the Seventh Circuit at this time, thereby foreclosing a trial in the state court until resolution of the same.

**II.     The Southern District of Illinois is the proper venue.**

Venue in this District is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Madison County, Illinois (where the State Court Action is currently pending, after the venue was

recently transferred from Cook County) is within the jurisdiction of the United States District Court for the Southern District of Illinois, East St. Louis Division.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the clerk of the state court and will be served upon the other parties contemporaneously with this filing. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

### III.  Federal jurisdiction exists.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1443(1) because Marissa Girard's rights under the Civil Rights Act of 1964 are being affirmatively violated specifically as a result of the State Court Action and an improper retaliation for her filing of a federal civil rights lawsuit. Although the Seventh Circuit under *Fenton v Dudley, 761 F.3d 770 (2014)* has interpreted the "cannot enforce" language of Section 1443(1) as requiring a facially unconstitutional state law, controlling Supreme Court precedent under *Georgia v. Rachel*, 384 U.S. 780 (1966) and *City of Greenwood v. Peacock*, 384 U.S. 808 (1966) instructs us that unconstitutionality as applied suffices. For judicial economy, Marissa Girard refers the Court to her pending petition for certiorari which addresses the conflict between *Fenton* and the controlling Supreme Court precedent under *Rachel* and *Peacock*, which paper is currently before SCOTUS under Case No. 25-707.

Second, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because the question of whether the U.S. Court of Appeal for the Seventh Circuit enjoys exclusive jurisdiction is a material question in dispute. On the one hand, the chronology previously related clarifies that jurisdiction moved from N. Dist. Illinois to the Seventh Circuit[2]. On the other hand, the state court (in direct repudiation of this chronology) has set the State Court Action for a trial

---

[2] Under *City of Martinsville v. Express Scripts, Inc.*, No. 24-1912 (4th Cir. 2025) the filing of a notice of appeal requires that the district court halt all proceedings related to the appeal, including even the mailing of a letter to the state court clerk if not already perfected.

on February 4-6 2026. The question of whether jurisdiction lies in the federal court system is material and roadblocks any further developments in the State Court Action.

Continuing, the domestic relations exception does not apply here because Plaintiff voluntarily non-suited all requests for custody-related relief, serving Marissa with that notice on January 4 2026. The domestic relations exception prevents federal courts from granting divorces, determining custody, or awarding child support. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). It does not bar federal courts from adjudicating federal constitutional claims that happen to arise in a domestic relations context. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004). Even where domestic relations issues exist, federal courts exercise jurisdiction when federal constitutional claims predominate. *Meredith v. Ieyoub*, 11 F.3d 1340 (5th Cir. 1994).

If any questions arise as to the propriety of the removal of this action, Defendant Marissa Girard requests the opportunity to supplement this Notice.

**WHEREFORE**, Defendant Marissa Girard hereby gives notice that the State Court Action has been removed to this Court.

**Dated: February 3, 2026**                                  Respectfully Submitted,

/s/ Marissa Girard, In Pro Se
965 Forestway Drive
Glencoe, IL 60022
Email: marissadakis@gmail.com
Tel: 773-425-4393

### CERTIFICATE OF SERVICE

The undersigned certifies that this paper and all attachments were (a) filed with the clerk of this Court on February 3 2026, and (b) provided via email to the pro se parties and the attorneys who have filed appearances in this matter:

mdelster@beermannlaw.com
kpaige@beermannlaw.com, for Plaintiff Jane F. Girard
kg5252@yahoo.com, for Defendant Kenton Girard

/s/ Marissa Girard