BC  GMC

FILED
2/16/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No. 1:26-cv-1399 |
| v. | District Judge Sunil Harjani |
| KENTON GIRARD and MARISSA GIRARD, | |
| Defendants. | |

**EMERGENCY MOTION TO ENFORCE FEDERAL JURISDICTION
AND TO BLOCK TRANSFER TO JUDGE DANIEL UNDER 28 U.S.C. § 455**

Defendant pro se Marissa Girard in support of her Motion to Enforce Federal Jurisdiction and to Block Transfer to District Judge Jeremy C. Daniel, states as follows:

I.      Federal Removal Jurisdiction has been operative since February 3, 2026.

On February 3 2026, pursuant to her Notice of Removal (Dkt 1), Defendant pro se Marissa Girard articulated under the very first paragraph:

> Pursuant to 28 U.S.C. §§ 1331, 1441, 1443(1) and 1446, Defendant Marissa Girard now files this Notice of Removal ("Notice") for the action originally filed in the Circuit Court of Cook County, State of Illinois – but recently transferred to the Circuit Court of Madison County, State of Illinois – bearing case number 2015-D-009633, styled as *Jane Girard v. Kenton Girard* ("State Court Action").

Plaintiff Jane F. Girard's counsel, per her Motion for Reassignment to Judge Daniel (Dkt 11) has taken issue with the deficiency of the transfer of Cook County Case No. 2015-D-009633 to the Circuit Court of Madison County. However, on the day Marissa filed her Notice of Removal, she had been served with a Notice of Intrastate Transfer (Dkt 1-2 at pp. 121-22) under which the transfer was purportedly perfected pursuant to Illinois Supreme Court Rule 187. Crediting that paper at face value under her Notice of Removal does not "nullify" the Notice of Removal. In

1

fact, District Judge J. Phil Gilbert ruled on February 5 2026, despite the deficient notice of intrastate transfer to Madison County which rendered the Southern District of Illinois the wrong venue, Defendant Marissa Girard's Notice of Removal was operative effective on February 3 2026 and the proceedings hereunder were transferred to the Northern District of Illinois (Dkt 9). See also the Notice of Filing of Notice of Removal, filed with the state court and emailed to all parties, stamped by the state court clerk on February 3 2026 (Dkt 1-4, **Exhibit 1**).

II.     Attorney Elster's gamesmanship before this Court should not be tolerated.

Plaintiff Jane F. Girard's counsel who authored the motion for transfer (Dkt 11) is no stranger to federal court. He is admitted to numerous district courts, federal courts of appeal and SCOTUS.

Under two previous notices of removal, he *immediately* repaired to federal court to move for remand – on both occasions on an emergency basis no less – because as he is well aware remand is the only way to re-vest the state court with jurisdiction. The plain language of the federal removal statute under 28 U.S.C. § 1446(d) is absolutely clear on this point:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal **and the State court shall proceed no further unless and until the case is remanded**. (emphasis supplied)

In case of any doubt, the Seventh Circuit has recently admonished another Cook County judge for convening a court date and making rulings whilst the matter was removed to federal court. See *Fenton v. Dudley*, 761 F.3d, 3 770, 773 (7th Cir. 2014)

The reason Attorney Elster has deliberately refused to move to remand hereunder is because he knew that he was out of time (in a custody proceeding, the state court loses authority when the children turn 18 – as here wherein the twin girls of interest attained majority age on

2

February 15 2026) to reschedule a trial under Cook County Case No. 2015-D-009633 and therefore adopted the absurd – and indeed sanctionable – position that these removal proceedings were a nullity.

Attorney Elster's partners at Beermann LLP proceeded to goad the state court judge William Yu to hold a trial on February 4-6 2026, in direct disregardment of federal removal jurisdiction, and to even declare the Notice of Removal to be a "nullity" in brazen defiance of federal jurisdiction and the Supremacy Clause. District Judge J. Phil Gilbert has ruled otherwise (Dkt 9), and under the law of the case, that decision is binding hereunder. Under judicial estoppel, Plaintiff Jane F. Girard cannot have it both ways: she and her legal team goaded the state court to conduct a sham trial under the absurd notion that the removal proceedings were a nullity. Her filing in court today, seeking judicial relief, demonstrates otherwise.

A newly filed lawsuit, *Girard v. Paige et al.*, Civil No. 1:26-cv-1443, pending before District Judge Jefffrey I. Cummings seeks to hold Jane Girard, Attorney Elster and the rest of Jane's legal team, as well as Cook County Judge William Yu accountable for violating Marissa and Kenton Girard's federal and constitutional rights by defiantly holding the sham trial on February 4-6 2026 in Cook County Circuit Court. If judicial economy suggests transferring these proceedings, they should be moved to the courtroom of District Judge Cummings.

III.     Judge Daniel is disqualified under 28 U.S.C. § 455.

Judge Daniel has demonstrated an impermissible and deep-seated antagonism towards Kenton Girard – as well as and by extension Marissa Girard – as articulated under a motion to remove Judge Daniel under *Girard v. Girard*, Civil No. 1:26-cv-00042 and all related matters, filed by Kenton Girard (**Exhibit 2**). Defendant Marissa Girard hereby adopts that motion *in toto*,

3

and reminds the Court that **Judge Daniel's shocking disregardment of her ADA-recognized disabilities suffices for disqualification purposes**.

**WHEREFORE**, Defendant Marissa Girard respectfully requests the Court hereby declare that any proceedings conducted, rulings or findings propounded or orders signed by Judge William Yu, under the underlying state court action *IRMO Girard*, Cook County Case No. 2015-D-009633, after February 3 2026 when Marissa filed and noticed her Notice of Removal, are void; and hereby block transfer of these proceedings to District Judge Jeremy C. Daniel.

| | |
|---|---|
| **Dated: February 16 2026** | Respectfully submitted, |
| | Marissa Girard, In Pro Se |
| | /s/ Marissa Girard<br>965 Forestway Drive<br>Glencoe, IL 60022<br>Tel: (773) 425-4393<br>marissadakis@gmail.com |

### CERTIFICATE OF SERVICE

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on February 16 2026, (b) provided via email to the attorneys who have entered their appearances in this matter and the pro se parties per the contact details listed below.

**Electronic Service on Attorneys**

mdelster@beermannlaw.com
kpaige@beermannlaw.com
    for Plaintiff Jane F. Girard

**Electronic Service on Pro Se Parties**

kg5252@yahoo.com
    for Defendant Kenton Girard

                                                /s/ Marissa Girard

# **EXHIBIT 1**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

| | | |
|---|---|---|
| JANE F. GIRARD, | ) | Calendar 89 |
| | ) | |
| Plaintiff, | ) | Case No. 2015-D-009633 |
| vs. | ) | |
| | ) | **NOTICE OF FILING:** |
| KENTON GIRARD and | ) | **NOTICE OF REMOVAL** |
| MARISSA GIRARD, | ) | **TO THE SOUTHERN DISTRICT** |
| | ) | **OF ILLINOIS,** |
| Defendants. | ) | **EAST ST. LOUIS DIVISION** |

**NOTICE OF FILING: NOTICE OF REMOVAL**

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1441, 1443(1) and 1446, Defendant Marissa Girard has filed contemporaneously with this filing a Notice of Removal in the United States District Court for the Southern District of Illinois, East St. Louis Division, a copy of which is attached as **Exhibit 1**, and that said matter shall proceed hereafter in the United States District Court for the Southern District of Illinois, East St. Louis Division.

**DATED: February 3 2026**

Respectfully submitted,

MARISSA GIRARD, In Pro Se

By: /s/ *Marissa Girard*
965 Forestway Drive
Glencoe, IL 60022
marissadakis@gmail.com
Tel: 773-425-4393

**EXHIBIT 2**

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

2/12/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No. 1:26-cv-00042 |
| v. | District Judge Jeremy C. Daniel |
| KENTON GIRARD and MARISSA GIRARD, | |
| Defendants. | |

**MOTION TO REMOVE JUDGE DANIEL**

Defendant pro se Kenton Girard in support of his Motion to Remove Judge Daniel, states as follows:

**INTRODUCTION**

Defendant Kenton Girard hereby moves for disqualification and recusal of Judge Daniel pursuant to 28 U.S.C. § 455(a) and (b).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is objective: recusal is required whenever "a reasonable person, knowing all the circumstances, would have a reasonable basis for questioning the judge's impartiality." *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985).

The purpose of § 455(a) is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

While adverse rulings alone ordinarily do not require recusal, the "totality of

6

circumstances" may create an appearance of partiality requiring disqualification. *Liteky v. United States*, 510 U.S. 540, 548 (1994). That standard is met here.

I.      The First Remand by Judge Daniel.

On May 6 2025, this Court entered a remand order in the related case styled *Girard v. Girard*, Civil No. 1:25-cv-04586, which case represented the removal proceeding incepted by Marissa Girard as to the underlying state court action *IRMO Girard*, Cook County Case No. 2015-D-009633 (herein, "State Court Action"). That remand was appealed to the Seventh Circuit. On December 5, 2025, a petition for a writ of certiorari to the Seventh Circuit was filed with the Supreme Court under Case No. 25-707, seeking review of the propriety of this Court's May 6 2025 remand order.

That petition remains pending and has been advanced to the conference stage, with a conference convening on February 20 2026. The Supreme Court's decision to advance the petition to conference demonstrates that the petition is not frivolous or without merit—directly contradicting this Court's pejorative characterization of the underlying appeal as "frivolous" in the court date on January 14 2026 (irrespective of whether the Seventh Circuit adjudged the appeal as frivolous).

II.     The Second Remand by Judge Daniel.

This Court has recently been asked to preside over a second removal of the State Court Action, subject to different circumstances and by a different party, namely Kenton Girard. Wherein Judge Daniel struck the briefing schedule set in place by District Judge Sharon Johnson Coleman on January 13 2026 and fast-tracked a remand on the following day (Dkt 21), it acted with a noteworthy callousness and imperviousness to the fact of the pending review by SCOTUS of the property of removal under 28 USC § 1443(1), which is one of the very bases for removal

7

cited by Kenton Girard under his Notice of Removal dated January 5 2026.

Furthermore, the Court acted with a shocking disregard for Kenton Girard's status as a pro se litigant. Numerous landmark Supreme Court decisions have collectively established that pro se litigants are to be afforded more procedural latitude. See *Haines v. Kerner*, 404 U.S. 519 (1972), wherein pro se pleadings must be held to less stringent standards than those drafted by lawyers; *Erickson v. Pardus*, 551 U.S. 89 (2007), which reaffirmed *Haines* and held that courts must liberally construe pro se filings, even after *Twombly* heightened pleading standards; *Faretta v. California*, 422 U.S. 806 (1975), wherein pro se litigants require special procedural safeguards to make the right meaningful; *Hughes v. Rowe*, 449 U.S. 5 (1980), wherein pro se pleadings should not be dismissed unless it is "beyond doubt" that the plaintiff can prove no set of facts supports a result other than dismissal.

Applying the Supreme Court's pro se procedural latitude jurisprudence, it is a direct affront to the cited Supreme Court holdings above that Judge Daniel willfully mis-identified the January 14 2026 court date in his minute order from the previous day (Dkt 21) as a "status hearing" and proceeded to fast-track the remand on the following day under forced oral argument wherein Kenton Girard had not been allowed an opportunity to meaningfully prepare for same. The Court has also disregarded the cited holdings wherein his fellow Article III judicial officer – District Judge Coleman – with fresh eyes, determined it to be in the manifest interests of justice for pro se litigant Kenton Girard to avail of a briefing schedule allowing him more than 30 days to prepare his opposition to the motion to remand.

The side-by-side comparison with the latitude afforded by District Judge Coleman cannot be reconciled other than by concluding that Judge Daniel was a "man on a mission" to fast-track remand, based on conflating the new notice of removal with the previous notice by Marissa

Girard and likely reacting adversely to the pending inquest by SCOTUS into the propriety of his previous ruling, per the petition for certiorari brought by Marissa Girard.

Indeed, this Court cannot be impartial in evaluating the propriety removal as to the State Court Action when the Supreme Court is actively reviewing whether this Court's prior remand in the same matter was correctly decided. See *Johnson v. Mississippi*, 403 U.S. 212 (1971); *Microsoft Corp. v. United States*, 530 U.S. 1301 (2000) (Rehnquist, C.J.).

A reasonable, well-informed observer would conclude that this Court has a personal and institutional stake in the outcome of the remand question—namely, the vindication of its prior ruling—that is incompatible with the objective standard of impartiality required by § 455(a).

III.     The Bias Inherent in Judge Daniel's Award of Fees and Costs.

On January 14, 2026, this Court held a hearing in Civil No. 1:25-cv-04586 on a motion to enforce sanctions imposed by the Seventh Circuit against Plaintiff's husband for appealing this Court's May 6, 2025 remand order.

The sanctions were imposed for a purportedly "frivolous" appeal of the very remand decision that the Supreme Court is now reviewing. This Court is, in effect, punishing a party for exercising his independent right to removal, under changed circumstances. The fact that the minute entry (Dkt 22) as to remand does not attempt to offer ** any ** written explanation for the remand decision is furthermore indicative of Judge Daniel's impermissible animus. See **Exhibit 1**, Certification of Kenton Girard.

IV.     Judge Daniel's Willful Ignoring of the Motion to Vacate Transfer shows Bias.

What is worse is a motion to to vacate the transfer from District Judge Coleman to Judge Daniel was properly filed and noticed for presentment ** before ** Judge Daniel adjudicated the second remand. The problem is without a ruling on said motion, his authority to convene the

9

court date on January 14 2026 is in question. It was highly improper for Judge Daniel to avoid addressing or ruling on the motion to vacate, and again demonstrated his impermissible bias against Kenton Girard. See **Exhibit 1**, Certification of Kenton Girard.

V.     Judge Daniel Ignored Marissa Girard's ADA-Recognized Disabilities.

As Judge Daniel has belatedly acknowledged under Civil No. 1:25-cv-04586, Marissa Girard suffers from two ADA recognized disabilities and requires special accommodations including the opportunity to present all arguments via briefs specifically instead of via oral argument, getting additional time to prepare briefs, and proper advance notice of court dates and so forth.

This Court has been aware of Marissa Girard's disabilities and the civil rights violations arising from their denial throughout this litigation. Plaintiff's ADA accommodation requirements and the systematic denial of those accommodations are front and center in every paper filed before this Court. On January 14, 2026, this Court held a sanctions hearing under the related case, Civil No. 1:25-cv-04586, in which Marissa Girard was unable to attend due to her ADA-recognized disabilities. This Court ordered briefing in that matter, effectively granting Marissa Girard additional time—implicitly recognizing her need for written process and preparation.

This Court then scheduled a "status hearing" on Kenton Girard's removal hereunder (Civil No. 1:26-cv-00042), in which Marissa Girard is also a party, without providing Marissa Girard proper notice. At that hearing, Kenton Girard informed this Court on the record of her ADA accommodation needs, including her requirement for advance notice and her need to respond in writing rather than orally. This Court ignored Kenton Girard. Without pausing to

10

consider Marissa Girard's obvious reasonable accommodation needs, this Court proceeded to demand oral argument on the merits of the removal and remanded the case.

Only *after remanding the case* did this Court enter an order directing Marissa Girard to submit documentation of her disabilities—which Marissa Girard promptly did under seal. Marissa's husband, Kenton Girard, separately submitted documentation establishing his role as Marissa's sole caretaker and his corresponding need for additional time. This Court granted both accommodations. The Seventh Circuit similarly granted Kenton Girard additional time for his appellate reply brief based on his role as Plaintiff's caretaker, further confirming the documented and recognized nature of Plaintiff's disabilities at every level of the Federal Judiciary.

The sequence is damning: this Court ignored Marissa Girard's live plea for accommodations at the removal hearing, ruled against the pro se removing party without allowing written briefing, remanded the case, and only then ordered Marissa Girard to submit disability documentation—which it subsequently accepted and acted upon. A court that denies accommodations when they would affect the substantive outcome, then acknowledges those same disabilities after the ruling is already made, is not applying a neutral accommodation policy. It is selectively extending protections only when the outcome is no longer in question.

## CONCLUSION

While any single factor might not independently compel recusal, the totality of circumstances here creates an appearance of partiality that no reasonable, well-informed observer could overlook. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009) ("Due process requires recusal when the probability of actual bias is too high to be constitutionally tolerable").

Judge Daniel has demonstrated a deep-seated antagonism towards Kenton Girard – and

11

by extension Marissa Girard. He must remove himself from these proceedings.

**WHEREFORE**, Plaintiff Kenton Girard respectfully requests that District Judge Daniel disqualify or recuse himself from further proceedings hereunder, and from any related proceedings involving Kenton Girard or Marissa Girard.

Dated: February 12 2026            Respectfully submitted,

Kenton Girard, In Pro Se

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Tel: (773) 575-7035
kg5252@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on February 12 2026, (b) provided via email to the attorneys who have entered their appearances in this matter and the pro se parties per the contact details listed below.

**Electronic Service on Attorneys**

mdelster@beermannlaw.com
kpaige@beermannlaw.com
    for Plaintiff Jane F. Girard

**Electronic Service on Pro Se Parties**

marissadakis@gmail.com
    for Defendant Marissa Girard

                                   /s/ Kenton Girard

# EXHIBIT 1

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No. 1:26-cv-00042 |
| v. | District Judge Jeremy C. Daniel |
| KENTON GIRARD and MARISSA GIRARD, | |
| Defendants. | |

## CERTIFICATION OF KENTON GIRARD

Defendant pro se Kenton Girard offers the following certification in support of his Motion to Remove Judge Daniel:

1. Under this matter, District Judge Coleman – with fresh eyes – determined that it was prudent that I, a pro se litigant, be afforded 30+ days to prepare my written opposition to the motion to remand.

2. However, under Dkt 21, Judge Daniel struck this briefing schedule and willfully misidentified a court date set for the very next day as a "Status Hearing". In that court date, he forced me to engage in oral argument and remanded this case to state court under a minute entry which provided ** no written explanation whatsoever ** for the remand decision.

3. I am truly shocked that Judge Daniel fast-tracked a court date with less than 24 hours of notice when Judge Daniel was fully apprised at all times as to Marissa Girard's physical

disabilities – PTSD and interstitial cystitis – which entitle her to 7 days notice of court dates under the Americans with Disabilities Act.

4. Furthermore, Judge Daniel's denial of Marissa's required reasonable notice of the court date was all the more offensive wherein Marissa Girard requested the opportunity to brief her own opposition to the motion to remand brought hereunder and was denied.

5. Finally, I duly submitted, filed and noticed for presentment a Motion to Vacate Transfer to Judge Daniel under this matter on January 13 2026 under Dkt 23. To ensure Judge Daniel was aware of this paper, I also emailed a copy of the same on January 13 2026 to his courtroom deputy who acknowledged receipt. Instead of addressing or ruling on said motion, Judge Daniel completely ignored the paper, and thereby exercised jurisdiction wherein he should have examined the threshold question of whether he was duly fit to be presiding over this matter.

I declare under the penalty of perjury that the foregoing statements are truthful.

                                        Kenton Girard, In Pro Se

                                        /s/ Kenton Girard
                                        965 Forestway Drive
                                        Glencoe, IL 60022
                                        Tel: (773) 575-7035
                                        kg5252@yahoo.com