# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE F. GIRARD,  <br><br>  Plaintiff,  <br><br>  v.  <br><br>  KENTON GIRARD and  <br>  MARISSA GIRARD,  <br><br>  Defendants. | Civil No.    1:26-cv-1399  <br><br>  District Judge Jeremy C. Daniel |

**EMERGENCY MOTION TO DISQUALIFY JUDGE DANIEL UNDER 28 U.S.C. § 144**

Defendant Kenton Girard, through his undersigned counsel, in support of his Emergency Motion to Disqualify Judge Daniel under 28 U.S.C. § 144, states as follows:

I.    The statutory basis is duly satisfied.

Under 28 U.S.C. § 144, a party may seek disqualification of a judge when the party files (a) a **timely and sufficient affidavit** stating that the judge has a personal bias or prejudice against the party or in favor of an adverse party, and (b) a **certificate of counsel** stating that the motion is made in good faith.

Upon the filing of such documents, the statute requires that the judge "shall proceed no further" and that the matter be assigned to another judge for determination of the sufficiency of the affidavit.

II.    The requisite papers have been filed.

Concurrently with this motion, Defendant Kenton Girard has filed an Affidavit of Bias or Prejudice, with specific facts and reasons demonstrating that Judge Daniel harbors personal bias

1

or prejudice, and a Certificate of Counsel, attesting that the motion is made in good faith.

III.     The grounds for disqualification are manifest.

As detailed in the accompanying affidavit, a collective body of statements and conduct has been adduced that reasonably gives rise to the appearance of personal bias. A reasonable, well-informed observer would conclude that this Court has a personal and institutional stake in the outcome of the remand question —namely, the vindication of its original remand ruling under Civil No. 1:25-cv-04586 on May 6 2025 —that is incompatible with the objective standard of impartiality required.

These facts, taken as true for purposes of this motion, are legally sufficient to require judicial reassignment of these proceedings away from Judge Daniel pursuant to § 144.

**CONCLUSION**

While any single factor might not independently compel recusal, the totality of circumstances here creates an appearance of partiality that no reasonable, well-informed observer could overlook. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009) ("Due process requires recusal when the probability of actual bias is too high to be constitutionally tolerable").

And taking all the circumstances together, the totality argument is persuasive and outcome-determinative. One fast-tracked remand is judicial discretion. One ignored ADA request is an oversight. One sanction is a merits call. But all of these abuses – as detailed in the Affidavit of Bias or Prejudice – directed at the same family, in the same case, with SCOTUS reviewing Judge Daniel's work product and District Judges J. Phil Gilbert and Sharon Johnson Coleman making 180 degree different decisions — that's the *Liteky* exception. Judge Daniel's conduct is so consistently antagonistic that fair judgment is impossible. The ADA piece in particular moves it out of the "just a judge you disagree with" category.

**WHEREFORE**, Plaintiff Kenton Girard respectfully requests that:

i. District Judge Daniel immediately ceases further involvement under these proceedings hereunder;

ii. This matter be immediately reassigned to another judge for the limited purpose of determining the sufficiency of the attached Affidavit of Bias or Prejudice;

iii. District Judge Daniel recuses himself from presiding over any related proceedings involving Kenton Girard or Marissa Girard including without limitation Civil No. 1:26-cv-00042 and Civil No. 1:25-cv-04586;

iv. **Prior to any prospective remand decision hereunder**, the Court confirms in writing that any proceedings, rulings, findings or orders entered by the state court under *IRMO Girard*, Cook County Case No. 2015-D-0009633, from the time of filing and noticing of the Notice of Removal by Defendant Marissa Girard on February 3 2026 through the date of such prospective remand hereunder are void.

**Dated: February 17 2026**     Respectfully submitted,

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Tel: (773) 575-7035
kg5252@yahoo.com

/s/ Toma Makedonski, Esq.
1271 Old Mill Ct
Naperville, IL 60564
Email: legaltma@gmail.com
Tel: 773-727-5491
Attorney No. 37672

**CERTIFICATE OF SERVICE**

      The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on February 17 2026, (b) provided via email to the attorneys who have entered their appearances in this matter and the pro se parties per the contact details listed below.

**Electronic Service on Attorneys**

mdelster@beermannlaw.com
kpaige@beermannlaw.com
      for Plaintiff Jane F. Girard

**Electronic Service on Pro Se Parties**

marissadakis@gmail.com
      for Defendant Marissa Girard

                                          /s/ Kenton Girard

                                          /s/ Toma Makedonski

**EXHIBIT 1**

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No. 1:26-cv-1399 |
| v. | District Judge Jeremy C. Daniel |
| KENTON GIRARD and<br>MARISSA GIRARD, | |
| Defendants. | |

**CERTIFICATION OF KENTON GIRARD**

Defendant pro se Kenton Girard offers the following certification in support of his Motion to Remove Judge Daniel:

1. I am a party to this action and I submit this affidavit pursuant to 28 U.S.C. § 144, seeking the disqualification of Judge Daniel on the grounds of personal bias or prejudice.

2. The facts set forth below are true and based on my personal knowledge. I understand that this affidavit must state the specific facts and reasons for my belief that such bias or prejudice exists.

3. I believe that Judge Daniel has strongly demonstrated an impermissible personal bias or prejudice against both myself and my wife Marissa Girard – who is a Hispanic/Latinx disabled person requiring reasonable accommodations and an independent party under these proceedings – for the following reasons.

4. Under a previous removal of the underlying state proceeding, under Civil No. 1:26-cv-00042, District Judge Coleman – with fresh eyes – determined that it was prudent that I, a pro se litigant, be afforded 30+ days to prepare my written opposition to the motion to remand.

5. However, under Dkt 21 in that matter entered on January 13 2026, Judge Daniel struck the briefing schedule and willfully misidentified a court date set for the very next day as a "Status Hearing". In that court date, he forced me to engage in oral argument and remanded this case to state court under a minute entry which provided ** no written explanation whatsoever ** for the remand decision. Under the same court date, Marissa Girard demanded an opportunity to submit a brief in opposition to remand and for appropriate accommodations for her disabilities, however those pleas fell on deaf ears until ** after ** Judge Daniel ordered remand.

6. I am shocked that Judge Daniel fast-tracked a court date with less than 24 hours of notice when Judge Daniel was fully apprised at all times as to Marissa Girard's physical disabilities – PTSD and interstitial cystitis[1] – which entitles her to reasonable accommodations (ample time to prepare for court dates, ample time to prepare briefs, being allowed to be heard on the papers sans oral argument, and so forth) under the Americans with Disabilities Act.

7. What is truly appalling and egregious, however, is the callous manner on January 14 2026 wherein Judge Daniel brusquely ignored Marissa Girard's request to submit a brief in opposition to the motion to remand under Civil No. 1:26-cv-00042 in shocking disregard for her status as a disabled person requiring appropriate accommodations.

---

[1] Under these conditions, Marissa suffers symptoms including without limitation aphasia (inability to speak), degradation of locomotive capabilities, cognitive impairment and acute short term memory loss.

8. Ignoring a disabled litigant's accommodation requests isn't really a merits ruling. It's conduct toward a person. I told Judge Daniel on the record about Marissa's disabilities; Judge Daniel ignored me totally and proceeded to force oral argument and remanded the case, and only then allowed Marissa to submit documentation about her disabilities. That's not a judge making a legal decision you disagree with. That's a judge treating a specific litigant with disregard for their documented medical needs.

9. Separately, also under Civil No. 1:26-cv-00042, I noticed for presentment a Motion to Vacate Transfer to Judge Daniel under this matter on January 13 2026 under Dkt 23. To ensure Judge Daniel was aware of this paper, I also emailed a copy of the same on January 13 2026 to his courtroom deputy who acknowledged receipt. Instead of addressing or ruling on said motion – which was a threshold question requiring adjudication before proceeding further – Judge Daniel completely ignored the paper, and thereby exercised jurisdiction wherein he should have examined the gating question of whether he was duly fit to be presiding over that matter.

10. Worse, without tendering any written explanation whatsoever in his minute entry (Dkt 22), Judge Daniel imposed sanctions of fees/costs on me for my notice of removal under Civil No. 1:26-cv-00042. In so doing, Judge Daniel acted with an unreasonable disregard to the fact of the pending review by SCOTUS of the propriety of removal under 28 USC § 1443(1) – which is one of the very bases for removal cited by Kenton Girard under his Notice of Removal dated January 5 2026 – under the petition for certiorari brought by Marissa Girard under Supreme Court No. 25-707, which petition has been selected for conference in the coming week.

11. Moreover, SCOTUS advancing Marissa' petition for certiorari to conference isn't something that happened inside Judge Daniel's courtroom. It's an external, independent evaluation by the highest court in the country suggesting that Judge Daniel's ruling may have been wrongful and without foundation. Wherein Judge Daniel called Kenton's appeal "frivolous" in the court date under Civil No. 1:26-cv-00042 on January 14 2026 and then the Supreme Court conferenced the same issue six weeks later — that contrast between Judge Daniel's characterization and the Supreme Court's treatment arguably shows that Daniel's hostility went beyond reasonable judicial disagreement into an impermissible personal realm.

12. Wherein Judge Daniel sanctioned me for exercising my independent statutory right to remove, under the same basis under which District Judge J. Phil Gilbert (Dkt 9) deemed the removal sufficiently meritorious to move forward – the true measure of his deep-seated antagonism is revealed. Sanctioning someone for doing something that another Article III judge blessed and SCOTUS found worth reviewing looks less like judicial discretion and more like targeted antagonism.

13. Separately, On January 14 2026, this Court held a hearing in Civil No. 1:25-cv-04586 on a motion to enforce sanctions imposed by the Seventh Circuit against Marissa Girard (also pro se) for appealing Judge Daniel's May 6, 2025 remand order. Judge Daniel controls his dockets; one cannot help but conclude that the timing was a message to the Girard family collectively to chill their exercise of their constitutional right to a remedy and their rights to removal.

14. One can only reasonably conclude that Judge Daniel acted with shocking disregard for

the procedural latitude which should be afforded to myself and Marissa as pro se litigants, seemingly obsessed with his personal/institutional stake in his original remand decision under the first removal by Marissa Girard.

15. The side-by-side comparison with the latitude afforded by District Judge Coleman under Civil No. 1:26-cv-00042 cannot be reconciled other than by concluding that Judge Daniel was a "man on a mission" to fast-track remand, based on conflating the new notice of removal with the previous notice by Marissa Girard and likely reacting adversely to the pending inquest by SCOTUS into the propriety of his previous ruling, per the petition for certiorari brought by Marissa Girard.

16. Indeed, this Court cannot be impartial in evaluating the propriety removal as to the State Court Action when the Supreme Court is actively reviewing whether this Court's prior remand in the same matter was correctly decided. See *Johnson v. Mississippi*, 403 U.S. 212 (1971); *Microsoft Corp. v. United States*, 530 U.S. 1301 (2000) (Rehnquist, C.J.).

17. Upon research, I have learned that Judge Daniel has a documented history of disregarding the constitutional rights of pro se parties. For example, shortly before his judicial appointment to this Court in 2023, he prosecuted an attorney Robert M. Kowalski (who represented himself in pro se under the criminal proceedings) for embezzlement. Under those proceedings, it is my understanding that Judge Daniel withheld exculpatory evidence (committing a Brady violation) about the complicity in the embezzlement by Kowalski's sister, Jan R. Kowalski (also a former

attorney) and a real estate developer Boguslaw Kasprowicz.

18. In another example, under *United States v. Fausto Lopez*, No. 16-cr-169 (N.D. Ill. Dec. 13, 2016) in which Judge Daniel was the prosecutor, the defendant was subjected to grotesquely unreasonable searches and seizures, when no attorney was available to advocate for his rights. In due course, under an appeal to the Seventh Circuit under Case No. 17-2517, the Seventh Circuit reversed a denial of a motion to suppress and cited violations of the defendant's Fourth Amendment Rights – nothing short of an extreme embarrassment for the US Attorney's Office.

19. I learned of the transfer of these proceedings to Judge Daniel on February 17 2026. Immediately I started preparing this filing, in satisfaction of the timeliness requirement under Section 144.

20. These facts, taken together, lead me to believe that Judge [Name] harbors a personal bias or prejudice against me (or my client), such that they cannot preside impartially over this matter.

21. This affidavit is made in good faith and not for purposes of delay or to facilitate any other improper objective.

**I declare under the penalty of perjury that the foregoing statements are true and correct.**

Kenton Girard, In Pro Se

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Tel: (773) 575-7035
kg5252@yahoo.com

**EXHIBIT 2**

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No. 1:26-cv-1399 |
| v. | District Judge Jeremy C. Daniel |
| KENTON GIRARD and MARISSA GIRARD, | |
| Defendants. | |

**CERTIFICATION OF COUNSEL**

PURSUANT TO 28 U.S.C. § 144

I, **Toma Makedonski**, counsel for **Kenton Girard** in the above-captioned matter, hereby certify that I have read the accompanying **Affidavit of Bias or Prejudice** submitted pursuant to **28 U.S.C. § 144**.

I further certify that the affidavit is made **in good faith**, and that the facts and allegations set forth therein are presented for the purpose of seeking relief authorized by law and not for delay or any improper purpose.

/s/ Toma Makedonski, Esq.
1271 Old Mill Ct
Naperville, IL 60564
Email: legaltma@gmail.com
Tel: 773-727-5491
Attorney No. 37672