IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE THE FORMER MARRIAGE OF KENTON GIRARD, | )<br>)<br>) |
| Petitioner, | ) Case Number: 26-cv-42<br>) |
| v. | )<br>) |
| JANE GIRARD, | ) The Hon. Jeremy C. Daniel, Judge<br>) Presiding. |
| Respondent. | )<br>) |
| (MARISSA GIRARD, | )<br>) |
| Third-Party Respondent.) | ) |

## **MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO REMAND**

Jane Girard, through her attorneys, BEERMANN LLP, and pursuant to Rule 12(b)(1) and 28 U.S.C. §1447(c), seeks the dismissal for lack of jurisdiction, or, alternatively, remand of this matter *instanter* as follows:

1. For the third time in less than a year, Kenton and his wife, Marissa, have sought to abuse the removal process to derail ongoing state court domestic relations proceedings pending in the Circuit Court of Cook County, Illinois, Case No. 2015 D 009633 (the "Cook County Proceedings").

2. In mid-2025, Kenton filed a declaratory judgment action against Marissa in the Cook County Proceedings (in which he gratuitously consented to federal jurisdiction), and Marissa removed those proceedings to federal court. This Court remanded. See *Girard v. Girard*, 25-cv-4586.

3. Undeterred, in January of this year, Marissa filed a crossclaim against Kenton in the Cook County Proceedings (in which she gratuitously consented to federal jurisdiction), and Kenton removed those proceedings to federal court. This Court remanded. See *Girard v. Girard*, 26-cv-42.

4. In this third iteration, Kenton and Marissa have outsmarted themselves. Hoping they would fare better with a new judicial audience, Kenton, at 11:40 a.m. on February 3, 2026, filed a "Notice as to Intrastate Transfer of Venue," purporting to transfer the Cook County Proceedings, in their entirety, to the Circuit Court of Madison County, Illinois. *Dkt. 1-2, pg. 121*. Marissa then purported to remove that Madison County case to federal court.

5. Kenton's Notice stated, in part:

> Accordingly, Defendant Kenton Girard, in pro se, hereby provides notice that the venue of the proceedings hereunder has been transferred pursuant to Illinois Supreme Court Rule 187 and effective immediately to the Madison County Circuit Court.
> *Id. page 122.*

6. Contrary to Kenton's proclamation, Illinois Supreme Court Rule 187 does not empower a party to unilaterally transfer venue of a lawsuit from one Illinois county to another. Rather, Rule 187 provides for **the filing of a motion to dismiss or transfer an action** under the doctrine of forum non conveniens, which is a matter within the circuit court's discretion (not a party's discretion). *In re Marriage of Ricard & Sahut*, 2012 IL App (1st) 111757, ¶ 45, 975 N.E.2d 1220, 1230 (a trial court has "considerable discretion" in ruling on a *forum non conveniens* motion.). Thus, Kenton's Notice was a nullity. It did not transfer the Cook County Proceedings to

Madison County. The state court proceedings at all times remained pending in Cook County, Illinois, foiling Kenton's and Marissa's half-baked plot to evade both the Circuit Court of Cook County and the Northern District of Illinois by transferring the Cook County Proceedings to Madison County and then removing the Madison County Proceeding to the Southern District of Illinois.

7. Just minutes after Kenton filed his ineffective Notice as to Intrastate Transfer, Marissa filed an equally ineffective Notice of Removal purportedly, but not actually, removing the state court action ***from Madison County***, Illinois to the United States District Court for the Southern District of Illinois – East St. Louis Division. *Dkt. 1*. Marissa's Notice of Removal falsely states that the "Circuit Court of Madison County, Illinois [is the court] ***where the State Court Action is currently pending[]*** after the venue was recently transferred from Cook County." (Emphasis Added) *Dkt. 1, pg. 4-5*. However, as outlined below, because no case was then pending in Madison County, her Notice of Removal could not have removed anything to federal court. And because there was nothing pending in Madison County to remove, her fraudulent Notice of Removal was null and void from inception and had no effect on the Cook County Proceeding.

8. Apart from being null and void, Marissa's Notice of Removal was ineffective and untimely for the reasons stated below in Part II of this Motion.

9. For the reasons more fully outlined below, this Court should either dismiss this matter outright for lack of subject matter jurisdiction or, alternatively, remand it to state court *instanter*.

# ARGUMENT

## Part I: Dismissal Pursuant to Rule 12(b)(1)

10. Preliminary, rather than remanding this matter (again), this Court should dismiss the case for lack of subject matter jurisdiction. Marissa's Notice of Removal is a nullity, as it purported to remove a Madison County, Illinois case which did not exist. A pending case to be removed is a jurisdictional prerequisite to removal.

11. In *Casola*, the Ninth Circuit considered a similar issue where the defendants attempted to remove a complaint to federal court prior to its filing. In other words, they attempted to remove a non-existent (or not-yet existent) case to federal court. Affirming the district court's remand of the case, and holding the notices of removal to be "not just defective but legally null and void," the Ninth Circuit reasoned:

> ***However, the notices of removal here had a foundational defect—the absence of an existing civil action in state court—that rendered them not just defective but legally null and void.*** There were no pending civil actions that could be removed when Dexcom filed its initial notices of removal because the complaints had not been officially filed. While not a traditional "subject matter jurisdiction" defect, the lack of a pending state court case still presents a jurisdictional problem for removal. Dexcom provides no authority for a contrary holding.
>
> This logically leads to the conclusion that, as Plaintiffs originally argued in their remand motions, the premature November 28, 2022, notices of removal ***did not confer jurisdiction on the district court*** to hear the cases because there were no cases then pending. (Citations omitted; emphasis added.)
> *Casola v. Dexcom, Inc.*, 98 F.4th 947, 962-63 (9th Cir. 2024)

12. *Casola* establishes that a live case in the forum from which removal is sought represents a jurisdictional prerequisite to removal. Here, as in *Casola*, Marissa attempted to remove *from Madison County* a case which did not exist *in Madison County*. And here, as in *Casola*, Marissa's Notice of Removal from a non-existent case should be treated as not "confer[ring] jurisdiction on the district court to hear the case[] because there [is] no case[] pending." *Casola*, 98 F.4d at 963.

13. In such instances, where a party purports to remove to federal court an action which does not exist, dismissal, rather than remand, is appropriate. As the *Sharif* court explained, because "remand is available for matters that have been properly removed," an "order of dismissal is the better response to the removal attempt herein; the removal effort was not warranted by law." *In re Sharif*, 407 B.R. 316, 321 (Bankr. N.D. Ill. 2009). See also *Glagola v. Glagola*, 03 C 4624, 2003 WL 21878730, at *4 (N.D. Ill. Aug. 8, 2003) ("Since there has been no effective removal, there would be no need to remand the cases to state court. Instead, to the extent removal cannot be accomplished because there is no possible basis for jurisdiction, this case will be dismissed not remanded."); *Arlington v. Decker*, 11-CV-2007, 2011 WL 109238, at *2 (C.D. Ill. Jan. 7, 2011) ("There is simply no jurisdictional basis for removing this divorce proceeding).

14. Here, Marissa did not simply attempt remove a case to the wrong federal district court. She and her husband conspired to create a fraudulent pretext for removal by unlawfully—and ineffectively—purporting to transfer a case from one Illinois court to another and then purporting to remove that supposedly transferred

case from the other court to a federal court, (likely for the sole purpose of preventing this matter from being assigned to Judge Daniel).[1] In essence, Marissa attempted to remove a non-existent Madison County, Illinois action to federal court.

15. Because Marissa attempted to remove a case which did not exist, not only was her Notice of Removal a nullity subject to dismissal, her actions had no effect on the Circuit Court of Cook County's jurisdiction over the domestic relations proceedings before it. See *LaSalle Bank, NA v. McNear*, No. 1:07-CV-2768-RLV, 2007 WL 9747767, at *1 (N.D. Ga. Dec. 11, 2007) (a notice of removal that is a nullity does not deprive the state court of jurisdiction).

16. Marissa's false statements regarding the effect of Kenton's unilateral notice of venue transfer, or the pendency of a case in Madison County, or any of the other myriad outright lies in her Notice of Removal cannot possibly create federal jurisdiction where none exists. Nor do they divest a state court of its jurisdiction. Nothing comes from nothing. Saying so doesn't make it so.

17. To hold otherwise and to remand this matter, rather than dismiss it outright, would arguably require this Court to remand the Cook County Proceedings—which never left Cook County—back to Madison County, the venue from which Marissa purportedly received this matter. The only logical and lawful solution, as outlined above, is to dismiss this matter outright because Marissa

---

[1] It should not be lost on this Court that Kenton and Marissa, while actively "suing" each other in the Cook County Proceedings, they have apparently put aside their differences and are now co-plaintiffs in yet another federal action filed against Jane and her attorneys in this district. See *Girard v. Paige, et al.*, 26-cv-1443.

removed nothing, and the Circuit Court of Cook County was never divested of jurisdiction.

**Part II (Alternative): Remand Pursuant to 28 U.S.C. §1447(c)**

18. If this Court declines to dismiss Marissa's Notice of Removal as a nullity, and further finds that Marissa somehow removed *the Cook County Proceedings* despite her express statement to the contrary, it should remand this matter to Cook County *instanter* because this Court <u>still</u> lacks jurisdiction to hear this domestic relations matter, much as it did the last two times Kenton and Marissa removed it.

19. As this Court has twice addressed the non-removability of the Cook County Proceedings, there is no need to belabor the point. Suffice it to say, Marissa cannot satisfy her burden of establishing federal jurisdiction here for several reasons. *Wellness Community–National v. Wellness House,* 70 F.3d 46, 49 (7th Cir.1995)).

20. ***First***, as this Court previously explained, third-parties cannot remove cases from state court:

> At argument, the Court explained that it must look at the original action, filed by Jane Girard, when assessing whether the case involves a federal question that warrants removal. Because the original action did not involve a federal question, which both Kenton Girard and counsel for Marissa Girard conceded, the Court remanded the case to state court. The Court further explained that Supreme Court and Seventh Circuit precedent counseled against treating a cross-claim as part of the original action.
> *Girard v. Girard*, 25-cv-4586 (Dkt. No. 30)

See also *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 444 (2019) ("a third-party counterclaim defendant is not a "defendant" who can remove under § 1441(a).").

Marissa's attempt to remove this case despite this explicit admonition warrants immediate remand.

21. ***Second***, the domestic relations exception bars this Court from exercising jurisdiction over this matter. The state court claims arising under the Illinois Marriage and Dissolution of Marriage Act fall squarely outside the jurisdiction of this Court. See *Marshall v. Marshall*, 547 U.S. 293, 307–08, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) (holding that the domestic relations doctrine "blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'").

22. ***Third,*** Marissa's purported removal is untimely. While she identifies a January 20, 2026 Illinois Supreme Court Rule 237(b) Notice to Appear at trial as the "pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present" (*Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013)) not even the most charitable read of Jane's Rule 237(b) Notice reveals any predicates for removal.[2] Instead, it simply requires Marissa to appear for trial in the Cook County Proceedings—no more, no less. To the extent the pleadings below raised a federal question (they didn't), those pleadings existed for far more than 30 days prior to Marissa's instant attempt to remove the case, rendering her Notice untimely. See *Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 241 (7th Cir. 2021) ("a defendant cannot bury its head in the sand or feign ignorance about information within its control. If removability turns on information about the defendant that the

---

[2] While not included in Marissa's Notice of Removal, a copy of this Rule 237(b) Notice is attached hereto as **Exhibit A**.

defendant itself knows or can readily ascertain, the 30-day clock in § 1446(b)(1) begins to run").

### Count III: Marissa Should be Ordered to Pay Jane's Costs and Expenses for this Improper Removal.

23.     Finally this Court should order Marissa to pay Jane's costs and expenses incurred as a result of her improper and unreasonable attempts at removal pursuant to 28 U.S.C. §1447(c).

24.     This is Marissa's second attempt at removal (the third counting her partner Kenton's attempt) and is just as frivolous, if not more so, than their prior attempts. (As Kenton and Marissa are acting as a tag team, their actions may properly be viewed as being in concert, especially since they orchestrated the Madison County removal attempt together.) There is plainly no "objectively reasonable basis for federal jurisdiction or removal" here. See *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) (affirming district court's award of fees and costs where there was "no objectively reasonable basis for federal jurisdiction or for removal").

25.     Settled law demonstrates the absence of any objectively reasonable basis for removal…again. Instead, the sole purpose of Kenton and Marissa's subterfuge was to delay and obstruct the domestic relations case from proceeding in Cook County. See *Green Tree Servicing, LLC v. Damron*, 557 Fed. Appx. 588, 591 (7th Cir. 2014) (affirming award of fees where "delay was [defendant's] true motivation for the belated removal on the eve of dispositive motions").

**WHEREFORE,** for the reasons outlined above, Jane Girard respectfully requests that this Court dismiss this matter for lack of subject matter jurisdiction and find that the Notice of Removal is null and void and that the state court never lost jurisdiction. Alternatively, this matter should be remanded *instanter,* with the same finding that the Notice of Removal is null and void and that the state court never lost jurisdiction. In any event, Marissa Girard should be ordered to pay fees pursuant to 28 U.S.C. §1447(c).

Respectfully submitted,

**BEERMANN LLP**

/s/ *Matthew D. Elster*
One of Jane Girard's Attorneys

**BEERMANN LLP**
161 N Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2026, a copy of the foregoing ***Motion to Dismiss or Remand*** was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

/s/ <u>*Matthew D. Elster*</u>