IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE THE FORMER MARRIAGE OF KENTON GIRARD, | )<br>)<br>) |
| Petitioner, | ) Case Number: 26-cv-1399<br>) |
| v. | )<br>) |
| JANE GIRARD, | ) The Hon. Jeremy C. Daniel, Judge<br>) Presiding. |
| Respondent. | )<br>) |
| (MARISSA GIRARD, | )<br>) |
| Third-Party Respondent.) | ) |

**COMBINED RESPONSE TO MOTION TO ENFORCE FEDERAL JURISDICTION & TO BLOCK TRANSFER TO JUDGE DANIEL AND MOTION TO DISQUALIFY**

Jane Girard, through her attorneys, BEERMANN LLP, submits this combined response to the (i) Emergency Motion of Third-Party Respondent, Marissa Girard, to enforce federal jurisdiction and to block transfer to Judge Daniel under 28 U.S.C. § 455 (Dkt. 13); and (ii) Motion of the Petitioner, Kenton Girard, to disqualify Judge Daniel (Dkt. 16) as follows:

## INTRODUCTION

Kenton and Marissa Girard twice "sued" each other in ongoing domestic relations proceedings in the Circuit Court of Cook County concerning Kenton and Jane's children to fabricate a pretext to remove the Cook County domestic relations matter to federal court. Twice, Judge Daniel remanded it back to state court.[1] They

---

[1] See *Girard v. Girard*, 25-cv-4586 (Marissa's removal); *Girard v. Girard*, 26-cv-42 (Kenton's removal).

now appear to have put aside their differences and have joined forces in an attempt to oust Judge Daniel from presiding over this case, which Marissa purportedly removed from Madison County, Illinois.

Ignoring Judge Daniel's measured responses to their prior shenanigans—denying Jane's request for fees against Marissa in 25-cv-4586 and declining to impose Rule 11 sanctions against Kenton in 26-cv-42—they baselessly accuse him of bias and partiality in this case for having the audacity to rule against them in prior cases.[2]

In addition to seeking Judge Daniel's removal, Marissa further asks this Court to declare actions in the Cook County domestic relations proceedings void on the mistaken assumption that those proceedings have been removed to federal court.

As outlined below, Kenton and Marissa's motions are baseless and should be denied because:

- Marissa, who seeks Judge Daniel's removal pursuant to 28 U.S.C. §455, has failed to demonstrate any basis to question Judge Daniel's impartiality, and the record contains no evidence giving the appearance of bias;

- Kenton, who seeks Judge Daniel's removal pursuant to 28 U.S.C. §144, failed to make the required showing that Judge Daniel harbors an actual bias stemming from an extrajudicial source, and the record contains not a hint of actual bias; and

- Marissa, through her and her Kenton's procedural gamesmanship, failed to remove the Cook County Domestic Relations proceedings to federal court, and, accordingly, her notice of removal did not and does not affect the Cook County action.

---

[2] Baseless attacks against the judiciary are nothing new for Kenton and Marissa. In the Cook County Domestic Relations proceedings, they sought the for-cause removal of eight state court judges and further sued seven judges in Federal Court (seven domestic relations judges and a law division judge), namely: Judges Boyd and Goldfarb (24-cv-6882); Judges Scannicchio, Ahern, and Yu (25-cv-136); Judges Scannicchio, Fernandez, Yu, Johnson, and law division Judge O'Connor (25-cv-4551); and Judges Scannicchio and Yu (26-cv-1443).

# ARGUMENT

## I. Marissa Failed to Articulate a Basis for Recusal Under §455

Marissa seeks Judge Daniel's recusal under 28 U.S.C. §455, which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition to citing Judge Daniel's alleged "shocking disregardment [sic] of her ADA-recognized disabilities," Marissa seeks his recusal based upon the arguments her husband, Kenton, advanced in support of Judge Daniel's recusal in case 26-cv-42. (Dkt. 13 §III; Ex. 2).

Stripped of hyperbole and misleading characterization and insinuation, Marissa's position boils down to this: Because Judge Daniel twice remanded the Cook County domestic relations proceedings more expeditiously than she and Kenton would have liked, he not only trampled her rights under the Americans with Disabilities Act, but impermissibly failed to indulge her and Kenton's status as self-represented litigants in declining to extend federal jurisdiction beyond what the law provides. Because of these expeditious and legally correct rulings (pro se litigants are subject to the same laws and procedures as represented parties), she posits that Judge Daniel cannot adjudicate this matter impartially. (Dkt. 13, Ex. 2). This is nonsense.

Under section 455, a judge's impartiality is assessed objectively, requiring a "judge to ask whether 'an objective, disinterested observer fully informed of the reasons for seeking recusal would entertain a significant doubt that justice would be done in the case.'" *United States v. Walsh*, 47 F.4th 491, 499 (7th Cir. 2022) (citation omitted). "Judicial rulings alone almost never constitute a valid basis" for a recusal

motion. *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties or their cases, ordinarily do not support a bias or partiality challenge," unless the remarks "reveal an opinion that derives from an extrajudicial source." *Id.* The evidence must reflect a "deep-seated favoritism or antagonism as would make fair judgment impossible." *Id.* Likewise, "a judge's ordinary efforts at courtroom administration—even a stern and short tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.* at 556, 114 S.Ct. 1147.

Marissa appears to take offense both with the substance of Judge Daniel's prior rulings, as well as their mere existence. Neither presents a basis for recusal. His remand of two patently frivolous removals falls squarely within the conduct rendered inactionable by *Liteky*. In ruling correctly and expeditiously, rather than granting Marissa's demand for unnecessary extended briefing, Judge Daniel acted well within his broad authority to control his own docket and to avoid further delay of state court proceedings. This was not a basis for recusal. See *Moser v. Universal Engineering Corp.,* 11 F.3d 720, 723 (7th Cir. 1993) (A district court has the inherent authority to dismiss a case *sua sponte* and control its docket.). None of this rises to the level of compelling evidence of bias or would convince a reasonable person, armed with all the facts, to question Judge Daniel's ability to judge this matter impartially. *In re Gibson,* 950 F.3d 919, 925 (7th Cir. 2019). A disgruntled litigant's disagreement with a court's decisions is not a basis to seek the judge's recusal.

The frivolity of Marissa's request becomes even more apparent when viewed in the context of Judge Daniel's prior rulings in her favor. While Judge Daniel correctly remanded Marissa's removal of the state court proceedings, he denied Jane's request for fees under section 1447(c). *Girard v. Girard*, 25-cv-4586, Dkt. 23. Nothing in the record before this Court would lead an informed and objective observer to believe that Judge Daniel cannot impartially do justice in this case. Marissa's request for recusal must be denied.

### II. Kenton's Request for Disqualification Under Section 144 is Equally Baseless and Does Not Need to be Sent to A Different Judge

Kenton fares no better in his gambit to disqualify Judge Daniel pursuant to 28 U.S.C. §144. (Dkt. 16). That section provides, in relevant part, that:

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein …. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.
> 28 U.S.C. § 144.

Importantly, requests for disqualification are held to a higher standard than those for recusal. As the Seventh Circuit explained in *Hoffman*:

> Unlike a motion to recuse under 28 U.S.C. § 455, which simply requires the ***reasonable appearance of bias***, a motion to disqualify under § 144 requires a ***showing of actual bias***. And only personal animus or malice on the part of the judge can establish actual bias. Moreover, judicial rulings alone will almost never constitute a valid basis for disqualification under § 144. (citations omitted, emphasis added).
> *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004).

Accordingly, to establish a basis to disqualify a judge, a party's motion and accompanying affidavits must be legally sufficient and demonstrate the judge's personal bias or prejudice against a party. *United States v. Balistrieri,* 779 F.2d 1191, 1199 (7th Cir.1985). When assessing the sufficiency of a party's affidavit, a court may only credit facts that are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes,* 7 F.3d 1331, 1339 (7th Cir.1993). These definite and particular facts must fairly support the charge of bias or partiality and must state, with specificity, the definite times, places, persons, and circumstances giving rise to the actual bias. *Balistrieri,* 779 F.2d at 1199.

Where, as here, a motion for disqualification facially fails to satisfy §144's requirements, a trial judge need not transfer the matter to another judge for ruling. Indeed, "[a] trial judge has as much obligation not to recuse himself when there is no occasion for him to do so [under § 144] as there is for him to do so when the converse prevails." *United States v. Ming,* 466 F.2d 1000, 1004 (7th Cir.1972). See also *Jones v. Bayler*, 22-1296, 2023 WL 3646069, at *4 (7th Cir. May 25, 2023) ("The magistrate judge did not err in denying Jones's motion to disqualify because Jones's affidavit lacked necessary detail…The closest Jones gets to specifics is to refer to the times the magistrate judge ruled against him. But adverse rulings alone are generally insufficient evidence to show prejudice.").

Here, as in *Jones*, Kenton does little more than place his own gloss on Judge Daniel's prior rulings. His affidavit does not cite a single "sufficiently definite and

particular fact[]" necessary to establish that Judge Daniel harbors an actual bias against him personally arising from an extrajudicial source. Instead, Kenton's affidavit at most asserts *his subjective belief* that Judge Daniel is biased against him because: (i) Judge Daniel expeditiously remanded Kenton's prior removal of the Cook County domestic relations proceedings (Affidavit ¶5); (ii) Kenton was "shocked" that he did so (Affidavit ¶6); (iii) Judge Daniel, in an "appalling an egregious" manner, "brusquely" denied Marissa's request to brief the issue of Kenton's improper removal in another case (Affidavit ¶7); (iv) Judge Daniel did not rule upon a motion Kenton filed in another matter (Affidavit ¶9); (v) Judge Daniel assessed fees under section 1447(c) against Kenton in another matter (Affidavit ¶10); and (vi) Judge Daniel allegedly engaged in misconduct as a United States Attorney before taking the bench. (Affidavit ¶17-18).

Kenton then states, under oath, and in an affidavit certified by an attorney, that:

> [t]hese facts, taken together, lead me to believe that Judge [Name] harbors a personal bias or prejudice against me (or my client), such that they cannot preside impartially over this matter.
> Affidavit ¶20. [3]

These naked conclusions, set forth in a fill-in-the-blank affidavit, are not only insufficient to warrant Judge Daniel's disqualification, they do not justify

---

[3] Attorney Toma Makedonski, recently admitted *pro hac vice* in this matter, certified that he reviewed Kenton's affidavit and felt confident that Kenton made that affidavit in good faith, that the motion is "authorized by law," and was not filed "for delay or any improper purpose." (Dkt. 16, pg. 11). These statements defy credulity. "Given the importance of the attorney's certificate as a check on abuse of the recusal process, the Supreme Court has suggested that disbarment may be appropriate for lawyers who certify false section 144 affidavits." *S.E.C. v. Loving Spirit Found. Inc.*, 392 F.3d 486, 496–97 (D.C. Cir. 2004) (citing *Berger v. United States,* 255 U.S. 22, 35, 41 S.Ct. 230, 233–34 (1921)).

consideration of Kenton's motion by another judge. Again, simple "conclusions, opinions, or rumors are insufficient," and that is all Kenton offers here. *Hoffman v. Caterpillar, Inc.*, 368 F.3d at 718 (quoting *Sykes*).

Nothing in the record before this Court suggests, much less establishes, the existence of *any* bias on the part of Judge Daniel, and certainly not a personal bias against Kenton arising from an extrajudicial source. Kenton's failure to assert a single competent fact in support of his request provides Judge Daniel with ample authority to assess the insufficiency of Kenton's affidavit and deny his Motion without sending it to another judge. *Berger v. United States,* 255 U.S. 22, 36, 41 S.Ct. 230, 234, 65 L.Ed. 481 (1921) (establishing that a district judge may pass on sufficiency of affidavit seeking his recusal). The Court should exercise that authority here and deny Kenton's motion.

### III. This Court Should Deny Marissa's Request to Enjoin State Court Proceedings Which She Never Properly Removed

Marissa's motion asks this Court to treat her attempted removal of a non-existent Madison County, Illinois case as having effectively removed a Cook County action (it did not) and declare all actions occurring in the non-removed Cook County proceedings void. It should decline her invitation to do so.

As outlined below, and in Jane's Motion to Dismiss or Remand (Dkt. 17), Kenton and Marissa's schemed to wrest the domestic relations proceedings from the Cook County circuit court by transferring those proceedings to Madison County, Illinois and then removing those Madison County proceedings to the Southern District of Illinois. For all their sound and fury, their actions accomplished nothing –

consideration of Kenton's motion by another judge. Again, simple "conclusions, opinions, or rumors are insufficient," and that is all Kenton offers here. *Hoffman v. Caterpillar, Inc.*, 368 F.3d at 718 (quoting *Sykes*).

Nothing in the record before this Court suggests, much less establishes, the existence of *any* bias on the part of Judge Daniel, and certainly not a personal bias against Kenton arising from an extrajudicial source. Kenton's failure to assert a single competent fact in support of his request provides Judge Daniel with ample authority to assess the insufficiency of Kenton's affidavit and deny his Motion without sending it to another judge. *Berger v. United States,* 255 U.S. 22, 36, 41 S.Ct. 230, 234, 65 L.Ed. 481 (1921) (establishing that a district judge may pass on sufficiency of affidavit seeking his recusal). The Court should exercise that authority here and deny Kenton's motion.

### III. This Court Should Deny Marissa's Request to Enjoin State Court Proceedings Which She Never Properly Removed

Marissa's motion asks this Court to treat her attempted removal of a non-existent Madison County, Illinois case as having effectively removed a Cook County action (it did not) and declare all actions occurring in the non-removed Cook County proceedings void. It should decline her invitation to do so.

As outlined below, and in Jane's Motion to Dismiss or Remand (Dkt. 17), Kenton and Marissa's schemed to wrest the domestic relations proceedings from the Cook County circuit court by transferring those proceedings to Madison County, Illinois and then removing those Madison County proceedings to the Southern District of Illinois. For all their sound and fury, their actions accomplished nothing –

removing a matter from a county where no action was pending removed nothing at all.

First, Kenton purported to unilaterally transfer the Cook County action to Madison County via a "Notice as to Intrastate Transfer", *Dkt. 1-2, pg. 121,* stating:

> Accordingly, Defendant Kenton Girard, in pro se, hereby provides notice that the venue of the proceedings hereunder ***has been transferred*** pursuant to Illinois Supreme Court Rule 187 and ***effective immediately to the Madison County Circuit Court.*** (Emphasis added.)
> *Id. page 122*

Thus, according to Kenton, there was no longer any action pending in Cook County, because it had been transferred to the Madison County Circuit Court, "effective immediately."

Second, and only minutes later, Marissa piggy-backed onto Kenton's claim by filing a Notice of Removal reciting that she was removing the state court action *from Madison County, Illinois* to the United States District Court for the Southern District of Illinois – East St. Louis Division. *Dkt. 1*. Marissa's Notice of Removal, along with her instant motion, leave no doubt that she maintained that the domestic relations proceeding was pending only in Madison County, not in Cook County, and that she was removing only the Madison County action, not a Cook County action. Her Notice of Removal states:

> the "Circuit Court of Madison County, Illinois [is the court] ***where the State Court Action is currently pending[]*** after the venue was recently transferred from Cook County." (Emphasis Added)
> *Dkt. 1, pg. 4-5.*

Because the only action Marissa sought to remove was a state court action pending in Madison County, Illinois, not a Cook County action, her notice of removal did not affect the Cook County Proceedings and failed to divest the Circuit Court of Cook County of its jurisdiction over the domestic relations action *pending in that court*.

If the Cook County circuit court had transferred the action to Madison County, leaving nothing pending in Cook County, and Marissa then removed the Madison County action to the Southern District, this would be a very different case. Although the removal would have been inappropriate and defective, *the Madison County circuit court* would have nevertheless temporarily lost jurisdiction to conduct further proceedings pending remand by the federal court.

That, however, is not what occurred here. As explained in Jane's Motion to Dismiss, because the Cook County action had <u>not</u> been transferred to Madison County, there was no civil action pending in Madison County to remove, rendering Marissa's Notice of Removal null and void. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 962-63 (9th Cir. 2024).

This is not curable technical defect; it is a jurisdictional defect precluding application of 28 U.S.C § 1446 to the Cook County action. As the Ninth Circuit held in *Casola*, section 1446(d) applies only to a pending civil action which is actually removed. Because Marissa did not recognize the domestic relations proceedings as a civil action pending in Cook County and asserted that the action was pending in

Madison County, her Notice of Removal did not attempt to remove, and did not in any way affect, the action pending in Cook County.

This conclusion is solidified by the Fourth Circuit's decision in *Ackerman*, which reaffirmed section 1446(d)'s narrow application only to matters actually removed to federal court. *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013). In *Ackerman*, plaintiffs filed an initial class action (the *Koch* case). After the state court decertified the class, several former class members filed a separate action (the *Ackerman* case), resulting in two parallel matters against the same defendant. ExxonMobil removed the *Ackerman* case, but not the *Koch* case, to federal court. The *Ackerman* plaintiffs moved to remand the matter. The district court denied that motion, but abstained, under *Colorado River*, based upon the pendency of the *Koch* lawsuit in state court. The *Koch* plaintiffs then amended their complaint to re-add the *Ackerman* plaintiffs as parties.

ExxonMobil appealed the abstention order arguing, among other things, that section 1446(d) rendered void the amendment adding the *Ackerman* plaintiffs to the *Koch* complaint. While the Fourth Circuit agreed that the removal of the *Ackerman* case deprived the state court of jurisdiction *over Ackerman*, the same did not hold true with respect to *Koch*, despite involving the same parties and claims, because the notice of removal only affected the case actually removed (*Ackerman*). It reasoned:

> Because § 1446(d) explicitly states that "the State court shall proceed no further" once removal is effected, 28 U.S.C. § 1446(d), we agree with the Defendants that the statute deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken

Page **11** of 15

> by the state court in the removed case action are void *ab initio*…
>
> Section 1446(d), however, speaks only in terms of *the removed case.* Because the statute focuses only on the removed case, it deprives the state court of jurisdiction and restricts the state court's actions *only* as to the removed case. …There simply is no language in the statute that reasonably can be interpreted as constraining the state court's authority over any case other than the case that was removed to federal court. Section 1446(d) may be self-acting, in that improper post-removal actions are void whether or not a court has so declared, but it acts only within its reach. Because § 1446(d)'s prohibition against post-removal proceedings does not extend beyond the removed case, § 1446(d) does not render void the December 1 amendment of the *Koch* action. (citations omitted.)
>
> *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013)

Here, Marissa's calculated and deliberate removal of a purported Madison County action could only affect whatever action was pending in Madison County. Because 28 U.S.C. § 1446(d) "focuses only on the removed case, it deprives the state court of jurisdiction and restricts the state court's actions *only* as to the removed case," but not others. *Ackerman.* As Marissa failed to remove the Cook County action, the Cook County action was not affected by Marissa's Notice of Removal.

Nor should Marissa be allowed to disavow her and Kenton's own filings by now claiming she actually intended for her Notice of Removal to apply to the Cook County action. This is not what her removal notice stated, and treating it this way now would be contrary to the pretext she used to return to federal court. The Seventh Circuit rejected such an attempt at revisionist history in *Kuznar v. Kuznar,* 775 F.3d 892 (7th Cir. 2015) (holding where a defendant purported to remove a nonremovable matter,

she could thereafter not flip flop and argue that she had removed another case). Marissa specifically and unequivocally chose to remove a Madison County action and is bound by her choice.

Nor did Judge Gilbert's order transferring Marissa's notice of removal from the Southern District to the Northern District breathe any life into a removal notice that was dead on arrival. Simply noting the absence of a case in Madison County, Judge Gilbert transferred the matter before him to this Court; no more, no less. He did not and, indeed, could not, make any ruling regarding the merits of this matter. See *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008) (noting that a district court's transfer of venue is not a decision on the merits and can be made before adjudicating questions of subject matter jurisdiction).

**WHEREFORE**, Jane Girard respectfully requests that this Court enter an Order:

A. Denying Marissa's request for recusal under section 455;

B. Denying Kenton's request for disqualification under section 155;

C. Denying Marissa's request to declare the Cook County Proceedings void;

D. Imposing an appropriate sanction against Kenton, Marissa, and Attorney Makedonski under Rule 11; and

E. Granting her such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BEERMANN LLP**

*/s/ Matthew D. Elster*
One of Jane Girard's Attorneys

**BEERMANN LLP**
161 N Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23 day of February, 2026, a copy of the foregoing ***Response*** was filed via the court's CM/ECF system, which will send electronic notice to all parties and counsel of record who have appeared in this case.

/s/ <u>*Matthew D. Elster*</u>