**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Kenton Girard and Marissa Girard,      ) | |
|                     ) | |

Kenton Girard and Marissa Girard,     )

        )

     Plaintiffs,     )

v.     )  Case No.: 26-cv-01443

     )  Honorable Jeffrey I. Cummings

Karen V. Paige, Esq., Matthew D. Elster,     )

Esq., Candace L. Meyers, Esq., Michael     )  (Filed Into: Case No.:26cv1399 per Local Rule

D. Sevin, Esq., Beermann, LLP, Jane F.     )  40.4(c) – Honorable Jeremy C. Daniel)

Girard, Regina A. Scannicchio, and Judge     )

William Yu,     )

        )

     Defendants.     )

**BEERMANN DEFENDANTS' OPPOSED MOTION FOR**
**REASSIGNMENT TO JUDGE JEREMY DANIEL UNDER LOCAL RULE 40.4**

NOW COME, Defendants Karen V. Paige, Esq., Matthew D. Elster, Esq., Candace L. Meyers, Esq., Michael D. Sevin, Esq., Beermann, LLP (collectively, "Beermann Defendants"), by and through their undersigned counsel and for their <u>Opposed</u> Motion for Reassignment of this Case to Hon. Jeremy Daniel under Local Rule 40.4, state:

**PRELIMINARY STATEMENT**

1. This Motion was initially filed on February 23, 2026, within Case No. 26cv1443, pending before the Honorable Jeffrey I. Cummings. (2/23/26 Version of this Motion attached as **Exhibit 1**). This Preliminary Statement has been added, and references to Court dates in this case (26cv1399) have been changed as appropriate since February 23, 2026.

2. On March 16, 2026, Judge Cummings entered a Minute Order (attached as **Exhibit 2**) directing that this Motion be filed within 26cv1399.

3. Plaintiffs' Complaint in 26cv1443 is attached as **Exhibit 3**.

**MEET AND CONFER STATEMENT**

1. On February 23, 2026, the undersigned emailed Plaintiffs and inquired if they

objected to this Motion. Plaintiff Kenton Girard responded, "the motion to re-assign is strongly objected to and I will file an opposition brief. Furthermore, I demand a teleconference to discuss why transfer under local rule 40.4 is inappropriate under these circumstances. Under meet and confer requirements, please indicate your availability on March 5, 6 or 9th to discuss."

2.      The undersigned thereafter called Mr. Girard and left him a voicemail to discuss. After the voicemail, the undersigned emailed Mr. Girard and stated as follows:

> "I just called and left you a voicemail. There is no need to delay a phone call until March 5, 6 or 9th, especially because I set forth the reasons why reassignment is proper below.
>
> Please advise as to how much time you proposed for a response to the motion to reassign.
>
> The motion to transfer is proper under Rule 40.4 because the allegations in this case involve the same issues of fact and law (i.e., your position regarding the propriety of the 2/3/26 purported removal of 15D9633) and the same transaction or occurrence (i.e., the 2/3/26 purported removal of 15D9633). (L.R. 40.4(a)(2)-(3)).
>
> Further, this case and the purported removal matter are both in the Northern District of Illinois (L.R. 40(b)(1)), Judge Daniel's handling of this case and that purported removal matter is such that his familiarity with the purported issues would save judicial time and effort (L.R. 40.4(b)(2)), the purported removal matter is not to a point yet where designating this case as related would delay the former (L.R. 40.4(b)(3)), and Judge Daniel's ruling on the purported removal matter would likely be dispositive – or, at bottom, informative – as to the merits of the allegations in this case (L.R. 40.4(b)(4))."

3.      Responding to the above-quoted email, Mr. Girard set forth a purported reliance on "*Roman Catholic Archdiocese of San Juan v. Feliciano*, 589 U.S. __ (2020)" to support his apparent position.

4.      The full email exchange is attached as Exhibit 1 to Exhibit 1 hereto (the 2/23/26 version of this Motion filed within 26cv1443).

5.      Mr. Girard requested <u>28 days</u> for a response brief.

330426736v.3

6. The Beermann Defendants' position is that no briefing schedule should be entered and that this Motion and the information provided herein is sufficient for this Court to grant the Motion. If the Court enters a briefing schedule, the Beermann Defendants would request no more than 7 days for Plaintiffs to respond and 7 days thereafter for the Beerman Defendants to reply.

## RELEVANT BACKGROUND

7. On February 9, 2026, Plaintiffs filed their complaint. (Ex. 3 hereto; ECF #1 in 26cv1443).

8. This case was then randomly assigned to Hon. Jeffrey I. Cummings.

9. The Complaint, in sum, alleges that a trial before defendant-Judge Yu in the Circuit Court of Cook County, Domestic Relations Division, Case No. 15D009633 (the "Domestic Relations Proceeding") took place from February 4 through February 6, 2026, despite Plaintiffs' (erroneous) belief that the Circuit Court of Cook County lacked jurisdiction.

10. Beermann LLP represents Kenton Girard's former wife, defendant Jane F. Girard, in the Domestic Relations Proceedings.

11. Kenton and Marissa have, for over a year, deployed myriad frivolous and harassing tactics (including filing multiple lawsuits in this Court against Beermann LLP, Beermann LLP attorneys, Jane Girard, and various Cook County Judges) to delay the above-referenced trial in the Domestic Relations Proceedings.

### I. PLAINTIFFS' PRIOR "REMOVAL" ATTEMPTS BEFORE JUDGE DANIEL

12. Relevant to this Motion, Marissa and Kenton have, on three occasions, attempted to remove the entirety of the state court case that encompasses the Domestic Relations Proceedings to Federal Court in attempt to delay the state Court trial.

330426736v.3

13.      Previously, Marissa (in 25cv4586)[1] attempted removal of the Domestic Relations Proceedings to the Northern District of Illinois, and then Kenton tried (in 26cv42). Both attempts resulted in remandment.

14.      Then, after those removal attempts failed, Kenton, on February 3, 2026 (the day before the re-scheduled February 4 through February 6, 2026 trial in the Domestic Relations Proceeding was set to begin), purported to unilaterally transfer the entirety of state court case from Cook County to Madison County.[2] Marissa then purported to remove that non-existent Madison County action to the U.S. District Court for the Southern District of Illinois. (S.D. Ill. Case No. 3:26-cv-00118-JPG).

15.      The Southern District, recognizing that "[t]here is no evidence that [Kenton's purported motion to transfer the Domestic Relations Proceeding from Cook to Madison County] was granted, and a search for the case in Madison County court records for any of the parties to the Cook County Action yields no results," then transferred the matter to the Northern District of Illinois on February 5, 2026. (S.D. Case No. 3:26-cv-00118-JPG, ECF #9).

16.      The Northern District received that "removed" case on February 6, 2026, as Case No. 26cv01399, and it was randomly assigned to Hon. Sunil R. Harjani. (26cv1399, ECF #3).

17.      Judge Daniel presided over the prior "removal" attempts: 25cv4586 (remanded on 5/16/25, ECF #25[3]), and 26cv42 (remanded on 1/14/26, ECF #22).

---

[1] Marissa was named as a third party respondent in the state Court action and, thus, attempted to (and failed) bring a contrived "cross-claim" against Kenton therein, invoking some purported post-nuptial agreement and purported Constitutional right to provide the frivolous basis for her failed removal attempt.

[2] "Purported" is used because the apparent "removal" to the Southern District of a non-existent Madison County case is a procedural nullity.

[3] Marissa's attempted appeal to the Seventh Circuit failed; the Seventh Circuit dismissed the appeal on July 21, 2025 because removal was not brought under Section 1442 or 1443. (26cv4586, ECF #37). Marissa was sanctioned by the Seventh Circuit on November 25, 2025 because the appeal was frivolous. (26cv4586, ECF #49); (*see also, Girard v. Girard*, 160 F. 4th 845, 849 (7th Cir. 2025). On February 23, 2026, the Supreme Court of the United States denied Marissa's petition for writ of certiorari. (U.S. Sup. Ct. Case No. 25-707).

330426736v.3

18.     Given Judge Daniel's orders remanding Kenton's and Marissa's prior removal attempts, on February 16, 2026, Jane F. Girard moved to have the 26cv1399 case reassigned to Judge Daniel. (26cv1399, ECF #11).

19.     On February 17, 2026, the motion to reassign to Judge Daniel was granted. (26cv1399, ECF #14).

20.     The Court (Judge Daniel) in 26cv1399 is set to "address the propriety of removal at a March 19, 2026, at 10:00 a.m." (26cv1399, ECF #31).

## II.     THE INSTANT COMPLAINT

21.     The instant Complaint asserts that despite Judge Yu being alerted by a Beermann LLP attorney of Marissa's purported removal attempt on the morning of February 4, 2026, Judge Yu "unconscionably ruled that the Notice of Removal was a 'nullity'…" (Ex. 3, ¶¶43-44).

22.     Plaintiffs allege that "[i]t is axiomatic that Judge Yu did not possess the jurisdiction to propound ** any ruling whatsoever ** after Marissa's February 3 2026 Notice of Removal was noticed on the state court docket and notice was emailed to all parties and counsels of record and Judge Yu and Presiding Judge of Domestic Relations Division Regina Scannicchio on February 3 2026." (*Id.*, ¶46) (emphasis in original).

23.     Plaintiffs further allege, in sum, that the Beermann Defendants and Judge Yu thereafter conducted the Domestic Relations Proceeding's trial from February 4 – February 6, 2026, despite Plaintiffs' (mistaken) belief that jurisdiction was lacking. (*See, e.g., Id.*, ¶¶47-63).

24.     Plaintiffs contend that this "sham trial" (their words) thus gives rise to various claims under sections 1983, 1985, and common law. (*Id.*, pp. 19-23).

## ARGUMENT

## I.     APPLICABLE LAW

330426736v.3

Local Rule 40.4 ("Related Cases, Reassignment of Cases as Related") provides, in relevant part, that:

(a) Definitions. Two or more civil cases may be related if one or more of the following conditions are met:

(1) the cases involve the same property;

(2) **the cases involve some of the same issues of fact or law;**

(3) **the cases grow out of the same transaction or occurrence**; or

(4) in class action suits, one or more of the classes involved in the cases is or are the same.

(b) Conditions for Reassignment. A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

(c) Motion to Reassign. A motion for reassignment based on relatedness may be filed by any party to a case. The motion shall—

(1) set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a), and

(2) indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related. …

…(d) Ruling on Motion. The judge to whom the motion is presented may consult with the judge or judges before whom the other case or cases are pending. The judge shall enter an order finding whether the cases are related within the meaning of the rules of this Court and, if they are, whether the higher-numbered case or cases should be reassigned.

Where the judge finds that the cases are related and that reassignment should take place, a copy of that finding will be forwarded to the Executive Committee together with a request that the Committee reassign the higher-numbered case or cases.

A copy of any finding that cases either are or are not related and, if they are, that reassignment should or should not take place shall also be sent to each of the judges on whose calendar one or more of the higher-numbered cases is or are pending. Any judge to whom one or more of the cases involved is or are assigned may seek a review of the finding by the Executive Committee. The order entered by the Committee following review shall be final.

(Local Rule 40.4(a)-(d)) (emphasis added).

## II.   THE REQUIREMENTS OF RULE 40.4 ARE PRESENT HERE

25.     The requirements of Rule 40.4 are present, and reassignment of this case to Judge Daniel is proper.

26.     *First*, this case involves some of the same issues of fact or law. (L.R. 40(a)(2)).

27.     Judge Daniel has presided over the two "removal" attempts that resulted in remand and is set to address the propriety of removal at a March 19, 2026, at 10:00 a.m. hearing in 26cv1399. (26cv1399, ECF #31). hear Jane F. Girard's motion to dismiss for lack of subject matter jurisdiction or, alternatively, to remand in 26cv1399 on February 24, 2026. (26cv1399, ECF #17-18)[4].

28.     In this case, as in 26cv1399 and the other prior "removal" attempts, the issues of fact and law regarding the propriety of Plaintiffs' position that this Court (not the State Court) has jurisdiction over the Domestic Relations Proceeding are the same.

29.     *Second,* this case arises out of the same transaction or occurrence as the above-discussed "removal" cases over which Judge Daniel presides, specifically 26cv1399. (L.R.

---

[4] In Judge Daniel's March 4, 2026 Order, he denied the portion of Marissa Girard's combined motion to enforce federal jurisdiction and to disqualification that dealt with Marissa's request that Judge Daniel be disqualified. (26cv1399, ECF #31, p. 1). Judge Daniel will "will address the propriety of removal at a March 19, 2026, at 10:00 a.m." (*Id.*). Indeed, Marissa's "motion to enforce federal jurisdiction" in 26cv1399 is interrelated to the Complaint in 26cv1443. (26cv1399, ECF #13).

40.4(a)(3)).

30.     In this case and in those cases over which Judge Daniel presides, the "occurrence" is Plaintiffs' attempted removal of the state Court case to delay the trial in the Domestic Relations Proceeding.

31.     In the context of Rule 13, the Seventh Circuit "has developed a 'logical relationship' test to determine whether the 'transaction or occurrence' is the same." *Burlington N.R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990); *see also, Id.*; quoting, *Gildorn Sav. Ass'n v. Commerce Sav. Ass'n*, 804 F.2d 390, 396 (7th Cir. 1986) ("'Courts generally have agreed that the words 'transaction or occurrence' should be interpreted liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a). . . . As a word of flexible meaning, 'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their ***logical relationship***. …'") (underlined emphasis added, bold/italic emphasis in *Burlington*).

32.     Here, Plaintiffs' Complaint flows from the very purported removal attempt over which Judge Daniel presides.

33.     Therefore, this case arises out of the same transaction or occurrence as the above-discussed "removal" cases over which Judge Daniel presides, and reassignment is warranted. *See also, Helferich Patent Licensing, L.L.C. v. N.Y. Times Co.*, 2012 WL 1368193 *6 (N.D. Ill 2012) ("Local Rule 40.4(a) does not require exact congruence in facts and issues between two cases in order for them to be related…"); *see also, Waggener Van Meter v. Mondelez Int'l, Inc.* 2025 WL 3678444 *7-8 (N.D. Ill. Dec. 18, 2025); quoting, *Brunner v. Jimmy John's LLC*, 2016 WL 7232560, *2 (N.D. Ill. Jan. 14, 2016) ("True, the cases involve distinct theories and 'rest on different factual foundations.' [Id. at 10.] But this does not preclude consolidation. 'Rule 42

requires only 'a common issue of law or fact,' and [the corresponding] Local Rule 40.4 requires only 'some of the same issues of fact or law' (not all the same)'") (emphasis from *Waggener* removed).

34. ***Third***, the conditions in Local Rule 40.4(b)(1)-(4) are present:

   a. Both cases are pending in this Court.

   b. Judge Daniel's handling of this case as well as the above-discussed "removal" cases is likely to result in a substantial saving of judicial time and effort, as Judge Daniel is already well-acquainted with the litigants (including the Beermann Defendants, who are Jane F. Girard's counsel in the "removal" cases), as well as the pertinent factual and legal issues related to Plaintiffs' position on removal/jurisdiction.

   c. Case No. 26cv1399 has not progressed to the point where designating this case as related would be likely to delay those proceedings substantially. Jane's motion to dismiss for lack of subject matter jurisdiction or, alternatively, to remand is set to be heard February 24, 2026 and Marissa's motion to enforce Federal jurisdiction is to be heard March 4, 2026.

   d. The cases are susceptible of disposition in a single proceeding. Jane's motion to dismiss for lack of subject matter jurisdiction or, alternatively, to remand in 26cv1399 is relevant to the positions in the Complaint, and Judge Daniel can adjudicate the anticipated motions to dismiss filed by the defendants in this action.

## III.   LOCAL RULE 40.4(C)(2) STATEMENT

35. Pursuant to Local Rule 40.4(c)(2), the Beermann Defendants hereby indicate that the four conditions required by Local Rule 40.4(b)(1)-(3) would be met to their full extent.

36. The condition in Local Rule 40.4(b)(4) further would be met because both cases can be adjudicated in a single proceeding. While a single ruling may not, however, adjudicate both cases, Judge Daniel's adjudication of Jane's motion to dismiss or, alternatively, to remand (which seeks adjudication of the issue of the February 3, 2026 "removal" being a nullity that did not impact the state Court's jurisdiction) will be, at bottom, informative as to the merits of the instant case's claims from both a factual and legal standpoint.

## IV.   CONCLUSION

330426736v.3

37. The Seventh Circuit has referred to Local Rule 40.4 motions as "discretionary." *Pettit v. Boeing Co.*, 606 F. 3d 340, fn. 5 (7th Cir. 2010).

38. Local Rule 40.4 seeks to promote judicial efficiency. Here, it cannot be reasonably disputed that reassigning this case, whose allegations are premised on the very "removal" over which Judge Daniel is now presiding, to Judge Daniel would not promote judicial efficiency.

39. As the conditions set forth in Local Rule 40.4 are met here, the Beermann Defendants respectfully request that this case be reassigned to Judge Daniel.

WHEREFORE, Defendants Karen V. Paige, Esq., Matthew D. Elster, Esq., Candace L. Meyers, Esq., Michael D. Sevin, Esq., Beermann, LLP, Matthew D. Elster respectfully request that this Court enter an ORDER: (1) granting this Motion; (2) reassigning this case to Judge Daniel; and (3) granting any other appropriate relief.

Respectfully submitted,

**Karen V. Paige, Esq., Matthew D. Elster, Esq., Candace L. Meyers, Esq., Michael D. Sevin, Esq., Beermann, LLP**

By: /s/ Robert F. Merlo
Kimberly E. Blair (Kimberly.blair@wilsonelser.com)
Robert F. Merlo (Robert.merlo@wilsonelser.com)
Wilson Elser LLP
161 N. Clark, Suite 4500
(312) 821-6139
*Their Attorneys*

330426736v.3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 17th Day of March, 2026, service of a true and accurate copy of the above and foregoing was made upon the parties and attorneys of record and those entitled to receive notice in both 26cv1443 and in 26cv1399 via ECF and email, specifically:

<u>For Jane F. Girard (26cv1399):</u>
Karen V. Paige (kpaige@beermannlaw.com)
Matthew D. Elster
(mdelster@beermannlaw.com)
Enrico J. Mirabelli
(ejmirabelli@beermannlaw.com)
Beermann LLP
161 N Clark Street
Suite 3000
Chicago, IL 60601
312-621-9700
Email: ejmirabelli@beermannlaw.com

<u>Marissa Girard (26cv1399 and 26cv1443)</u>
Marissa Girard (marissadakis@gmail.com)

<u>For Kenton Girard (in 26cv1399)</u>
Toma Makedonski
Law Office of Toma Makedonski
1271 Old Mill Ct
Naperville, IL 60564
(773) 727-5491
Fax: Pro Hac Vice
Email: legaltma@gmail.com

<u>Kenton Girard (in 26cv1443)</u>
Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
773-575-7035
Email: kg5252@yahoo.com

<u>For Defendants Scannicchio and Yu (26cv1443)</u>
Michael James Bradtke
Office of the Illinois Attorney General
General Law
151 S LaSalle Street
Ste 2700
Chicago, IL 60603
773-519-2733
Email: Michael.bradtke@ilag.gov

Respectfully submitted,

By: /s/ Robert F. Merlo

Kimberly E. Blair
Robert F. Merlo

Page **11** of **12**

330426736v.3

Wilson Elser Moskowitz
Edelman & Dicker, LLP
161 N. Clark St., Suite 4500
Chicago, IL 60601
(312) 821-6139
kimberly.blair@wilsonelser.com
Robert.merlo@wilsonelser.com
*One of the Attorneys for the Beermann Defendants*

330426736v.3