IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE F. GIRARD,<br><br>Plaintiff,<br><br>v.<br><br>KENTON GIRARD and<br>MARISSA GIRARD,<br><br>Defendants. | Case No. 26-cv-01399<br><br>Hon. Jeremy C. Daniel,<br>District Judge, presiding. |

**Defendant Kenton Girard's Amended Response to Plaintiff's Motion to Dismiss or, in the alternative, to Remand**

Defendant Kenton Girard, by and through his undersigned counsel, Komie & Associates, hereby submits his Response in Opposition to Plaintiff's Motion to Dismiss or, in the Alternative, to Remand [Doc. 17], states as follows:

**Procedural History**

**A. *Girard v. Girard, et al.*, United States District Court for the Northern District of Illinois, Case Number 26-cv-00042.**

1. On January 5, 2026, Defendant Kenton Girard[1] filed a notice of removal for Circuit Court of Cook County, Illinois, case number 2015 D 009633 (hereinafter, "*Girard I.*") The case was designated with case number 26-cv-00042 in the United States District Court for the Northern District of

[1] Because all parties use the same surname, for convenience and clarity, at times, Defendant shall refer to the parties by their first names.

Illinois.[2]

2. The following day, Plaintiff, Jane Girard, filed a Motion to Remand.[3]

3. On January 14, 2026, the district court entered an order remanding the case back to the State court.[4] Immediately thereafter, Kenton Girard filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit.[5] The same day, the short record on appeal was transmitted to, and acknowledged by, the court of appeals.[6]

4. The following day, *after* the appeal was noticed and docketed, the Clerk of the District Court mailed a remand letter to the Circuit Court of Cook County, Illinois.[7]

**B. *Girard v. Girard, et al.*, Court of Appeals for the Seventh Circuit, Appeal Number 26-1073.**

5. On January 15, 2026, the court of appeals ordered appellant, Kenton Girard, to file a memorandum stating "why the judgment should not be summarily affirmed or this appeal dismissed as frivolous."[8]

6. On February 10, 2026, Appellant obliged and filed his jurisdictional

---

[2] *Girard I*, 26-cv-00042, Doc. 1.

[3] *Girard I*, Doc. 7.

[4] *Girard I*, Doc. 22.

[5] *Girard I*, Doc. 25.

[6] *Girard I*, Doc. 27, 29.

[7] *Girard I*, Doc. 28.

[8] Appeal Num. 26-1073, Doc. 3.

memorandum in the court of appeals.[9]

7. To date, a full six (6) weeks later, the court of appeals has not dismissed the appeal for lack of jurisdiction; hence, the appeal of *Girard I* is still pending in the appellate court.

**C. *Girard v. Girard, et al.*, United States District Court for the Northern District of Illinois, Case Number 26-cv-01399.**

8. On February 3, 2026, Marissa Girard filed a notice of removal for a purported Madison County, Illinois case, which was identified as Circuit Court of Cook County, Illinois, case number 2015 D 009633, to the United States District Court for the Southern District of Illinois (hereinafter, *Girard II*.)

9. On February 5, 2026, the Honorable J. Phil Gilbert, United States District Judge, entered an order transferring the venue of the case from the United States District Court for the Southern District of Illinois to the United States District Court for the Northern District of Illinois.[10]

10. Initially the case was assigned a Southern District case number[11], but after the transfer, it was designated with case number 26-cv-01399 in the United States District Court for the Northern District of Illinois.[12]

---

[9] Appeal Num. 26-1073, Doc. 11.

[10] *Girard II*, Doc. 9.

[11] *Girard II*, Doc. 10, Southern District Case Number 26-cv-00118.

[12] *Girard II*, Doc. 1.

11. On February 16, 2026, Plaintiff, Jane Girard, filed a motion to assign the case to District Judge Daniel per Local Rule 40.3(b)(3), which was granted on February 17, 2026.[13]

12. Also on February 16, 2026, Defendant Marissa Girard filed an Emergency Motion to enforce federal jurisdiction and block transfer to Judge Daniel.[14]

13. On February 18, 2026, Plaintiff Jane Girard filed a Motion to Dismiss, or in the Alternative, to Remand.[15]

14. On February 23, 2026, Defendant Kenton Girard, *pro se*, filed his opposition to Jane Girard's Motion to Dismiss, or in the Alternative, to Remand.[16]

15. On March 18, 2026, Attorney Stephen M. Komie, of Komie and Associates, filed an appearance on behalf of Defendant Kenton Girard.[17]

16. That on March 19, 2026, the district court took Plaintiff's motion to dismiss under advisement and granted Defendant Marissa Girard time to file a response.[18]

---

[13] *Girard II*, Doc. 11, 14.

[14] *Girard II*, Doc. 13.

[15] *Girard II*, Doc. 17.

[16] *Girard II*, Doc. 23.

[17] *Girard II*, Doc. 43.

[18] *Girard II*, Doc. 48.

**D. Plaintiff's Motion to Dismiss, or in the Alternative, to Remand**

17. Plaintiff's Motion to Dismiss or Remand makes three broad arguments. First, she claims this Court should dismiss the case pursuant to FRCP 12(b)(1). According to Plaintiff, Marissa's notice of removal was a nullity because it "purported to remove a Madison County, Illinois case which did not exist." Defendant Kenton disagrees.

18. Second, Plaintiff's Motion argues in the alternative that the case should be remanded because Plaintiff claims this court lacks jurisdiction of the domestic relations portion of the case, a cross-claimant cannot remove a case, and the notice of removal is untimely.

19. Third, the motion asks for attorney's fees and costs for Plaintiff.

## Argument

### I. Two courts at once is one court too many: Jurisdiction of this case is with the Court of Appeals for the Seventh Circuit.

20. Defendant Kenton first asks this Court to consider whether the court lacks jurisdiction in this instant case because there is a pending appeal before the Court of Appeals for the Seventh Circuit for a removal of the underlying State case which pre-dates the instant case.

21. On January 14, 2026, this Court entered an order remanding the underlying *Girard* case back to state court in case number 26-cv-00042.

22. In order for jurisdiction to re-vest in the state court, the removal statute provides, in pertinent part,

> A certified copy of the order of remand shall be mailed

> by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.[19]

23. About a half hour after this Court entered its order, Defendant Kenton appealed the case to the Seventh Circuit Court of Appeals. As the procedural history provides, the court of appeals has taken jurisdiction of the case and has declined to dismiss the appeal.

24. Once the Notice of Appeal was filed, the district court was immediately divested of authority over all aspects of the case involved in the appeal – including the *post-appeal* act of certifying and mailing the remand order on January 15, 2026. These actions, taken after the filing of the Notice of Appeal, are void. Because the clerk's transmission was unauthorized, jurisdiction did not re-vest in the state court under 28 U.S.C. § 1447(c). Instead, jurisdiction remained in the court of appeals.

25. The filing of a notice of appeal "is an event of jurisdictional significance," which transfers authority from the district court to the court of appeals.[20] Once the notice is filed, the district court must "halt all proceedings relating to the appeal."[21]

26. The *Griggs* principle holds, a district court is divested of jurisdiction "upon the filing of a notice of appeal," and loses control over "those

---

[19] 28 U.S.C. § 1447(c)

[20] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

[21] *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023).

aspects of the case involved in the appeal."[22] The propriety and effect of the remand order are plainly "aspects of the case involved in the appeal."

27. The Fourth Circuit recently applied *Griggs* and *Coinbase* in a nearly identical scenario to this case. In *City of Martinsville v. Express Scripts, Inc.* , 128 F.4th 265, 268 (4th Cir.2025), defendant removed the case to federal court, the district court entered an order remanding the case back to state court, but defendant docketed an appeal of the remand order prior to the clerk mailing a copy of the order back to the state court. The court of appeals held that once a notice of appeal is filed (there in the context of removal under § 1442,) the district court must cease **all** actions related to the remand, including the mailing of the certified remand order that has not yet occurred.[23] The logic applies equally here, where appellate review is sought under 28 U.S.C. § 1443.

28. Thus Defendant posits that jurisdiction of the underlying state case never returned to the state court *via* the remand letter in 26-cv-00042, but rather, it remains firmly lodged with the Seventh Circuit in Appeal Number 26-1073.

## II. If the district court determines it lacks subject matter jurisdiction, the law requires remand of this case – not dismissal.

29. Plaintiff, Jane Girard, has filed a motion asking the court to dismiss this

---

[22] *Griggs*, 459 U.S. at 58; *Coinbase*, 599 U.S. at 740–41.

[23] *Id.* at 270-72.

case pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, to remand.[24]

**A. The notice of removal properly identified the Cook County Case and removed it to the federal district court.**

30. Plaintiff's initial argument opines that the removal was a nullity because, according to her, the notice of removal purported to remove a Madison county case. Plaintiff's nullity opinion is based on the theory that because the circuit court case was not actually transferred to Madison County, Illinois, the notice of removal – which references and cites the Cook County domestic relations case by title, case number, and judge – did not actually remove the case from the State court.[25]

31. Importantly, several facts weigh against her interpretation of the notice of removal. First, the notice of removal identifies the cook county case by court, case number, and parties in the opening paragraph. In the attached civil cover sheet, the document identifies the presiding judge of the state case, Circuit Judge William Yu. Moreover, the attached pleadings and orders in Exhibits two and three are all in proper forma dn all properly identify the Cook County case which is at issue.

32. Second, Illinois adopted a unitary judicial system in 1964.[26] Illinois

---

[24] *Girard II*, Doc. 17.

[25] *Girard II*, Doc. 17 at ¶¶ 6-8.

[26] Judicial Amendment of 1962, eff. January 1, 1964 and retained in the Illinois Constitution of 1970 at Ill. Const. art. VI, § 9.

circuit courts have original jurisdiction for nearly all matters throughout the state.[27] The circuit court divisions are merely for convenience, however; the circuit court's have state-wide jurisdiction.[28] The relevance here is that the Illinois constitutional framework does not support Plaintiff's apparent notion that any Madison County case would be a completely different case than the one pending Cook County. In other words, even in State law, this is would be a question of venue – not jurisdiction. The underlying domestic relations case exists irrespective of whether it is pending in Madison County or Cook County.

33. Third, it is beyond any doubt that United States District Judge Gilbert knew exactly which case was being removed, the error concerning transfer of venue to Madison County, and the proper remedy. Critically, Judge Gilbert noted in the opening paragraph of his order, Marissa ". . . seeks to remove a case currently pending in the Circuit Court of Cook County, Illinois, County Department, Domestic Relations Division, as Case No. 2015-D-009633."[29] Therefore, Judge Gilbert's order made it clear that jurisdiction over the proper, Cook County domestic relations case was being vested in the federal judiciary at that moment.

34. Third, Judge Gilbert also noted the mistake as to Madison County and

---

[27] *Id.*

[28] *Id.*

[29] *Girard II*, Doc. 9

citing federal law and binding precedent (which was not addressed – or even mentioned – by Plaintiff), he exercised his judicial discretion to transfer the matter to the proper venue, which is this Court.[30]

35. Notably, Plaintiff's motion completely ignores the procedural history, Judge Gilbert's transfer order, and the legal authority upon which it rests. Instead, her motion is built upon a faulty foundation which makes the conclusory claim that the notice of removal was a legal nullity without any legal authority to support it. The Court should reject Plaintiff's premise.

36. The reason for Plaintiff's faulty premise is because she uses this as the foundation to support her argument that the Court should dismiss this case rather than remand it pursuant to 28 U.S.C. 1447. So she must claim that no case existed, despite the lack of support in the factual record.

37. Plaintiff cites *Casola v. Dexcom, Inc.*, 98 F.4th 947 (9th Cir.2024), to claim that a jurisdictional prerequisite to removal is an existing case. Perhaps Plaintiff is correct, but that is not an issue in *this* case. In *Casola*, the notice of removal was filed before a state court even existed.[31] Here, the obvious distinction is that there is a live, existing case: *Girard v. Girard*

---

[30] *Id.* at 2, citing 28 U.S.C. § 1406(a) and *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

[31] *Casola*, 98 F.4th at 963.

Circuit Court of Cook County, Illinois, County Department, Domestic Relations Division, as Case No. 2015-D-009633. But there are other reasons to reject this manufactured distinction without a difference.

38. Plaintiff completely misreads *Casola*. First, there was no issue about whether the cases[32] should be dismissed rather than remanded because the underlying case was a "legal nullity." Indeed, the Ninth Circuit **affirmed** the district court's **remand** of the cases.[33] The issue was whether the cases could be remanded *after* the 30-day clock contained in sub-section 1447(c) had run from the time of filing of the notice of removal. The court of appeals found that they could, because the notices of removal were defective due to being filed *prior to* the underlying state court complaints.[34]

39. Plaintiff's second case fares even worse. First, *In re Sharif*, 407 B.R. 316 (Bankr. N.D. Ill. 2009) is a bankruptcy case. Further still, the case does not examine the relevant removal statute, but rather examines the bankruptcy removal statute located at 28 U.S.C. § 1452. And just as with everything in bankruptcy, it is highly case specific. Amongst the myriad of problems the bankruptcy judge found in defendant's attempted

---

[32] *Casola* was a consolidated appeal of three separate cases. *Casola*, 98 F.4th at 949.

[33] *Casola*, 98 F.4th at 964.

[34] *Casola*, 98 F.4th at 963.

removal in *Sharif*, was **absolutely zero legal authority** to support removal *from* a federal district court *to* a bankruptcy court.[35] In other words, no party could **ever** remove a case from a United States District Court to a bankruptcy; it simply is not allowed. Plaintiff's cut and paste of a good sounding sentence and tag-line wrenched out of context of the case does little to support their argument.[36] *Sharif* is not on point.

40. Plaintiff's third, unreported case is not helpful.[37] Ignoring the obvious facts demonstrating the petitioner in *Glagola* was seriously, mentally unwell, the issue in *Glagola* is not on point.[38] The trial court noted that

---

[35] *Sharif*, 407 B.R. at 319-20.

[36] The full context of the portion of *Sharif* that Plaintiff borrows, reads:

> The parties who "removed" the adjudicated federal district court case and the Texas state court garnishment case proceeded **without a legal basis to invoke the jurisdiction of the bankruptcy court** to hear the matters "removed." The court declines to remand the matters; remand is available for matters that have been properly removed. This order of dismissal is the better response to the removal attempt herein; the removal effort was not warranted by law. *Sharif*, 407 B.R. at 321. [Emphasis added.]

[37] *Glagola v. Glagola*, 2003 WL 21878730 (N.D.Ill. 2003).

[38] In *Glagola*, Petitioner filed a " 'Petition for Removal and Application of Privilege of the Writ of Habeas Corpus Cum Causa, Ad Subjiciendum, and Ad Testificandum' " . . . as the relator and next friend, "United States of America ex rel. IN RE STEPHEN H. GLAGOLA, individually, Next Friend, and on behalf of his SONS and FAMILY and all others similarly situated . . . The caption indicates that Petitioner is "Removing Circuit Court of Cook County, Illinois County Division Case No. 96 D 5541 & 02602508301." (*Glagola*, 2003 WL 21878730 at 1.)

petitioner had not properly completed the removal process, which requires "three procedural steps [to be] accomplished: (1) the notice of removal is filed in federal court; (2) a copy of the notice of removal is filed with clerk of the state court; and (3) prompt written notice has been served on the adverse parties.[39] Petitioner had not done steps two or three and his notice of removal in step one was deficient; hence, a critical part of the court's reasoning to dismiss the case was based on the improper, procedural missteps, which caused the court to find there was no proper removal in the very first instance.

41. Plaintiff parenthetically quotes *Glagola,* suggesting that dismissal is proper when there is "no possible basis for jurisdiction," but Plaintiff is ignoring the context of *Glagola* and the facts of *this* case. Here, Defendant Marissa Girard *did file* a facially valid notice of removal. Further, any procedural defects were cured by Judge Gilbert's order transferring the venue of the case to the Northern District.

42. In short, Plaintiff's attempted distinction that the removal was a "legal nullity" lacks a legal difference. Should the court find that the case does not belong in federal court, the legally available remedy is found in the removal statute itself at Sub-section 1447(c).

---

[39] *Glagola*, 2003 WL 21878730 at 4.

**B. The Seventh Circuit has held that Sub-section 1447(c) mandates remand to State court as opposed to dismissal for lack of subject matter jurisdiction.**

43. The procedure after removal is governed by Sub-section 1447(c), which provides, in pertinent part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . [40]

44. The Supreme Court has held that *shall* connotes a requirement; there is no discretion for the district court.[41]

45. The Court of Appeals for the Seventh Circuit has recently held that it is improper to dismiss a removal action for lack of subject matter jurisdiction and ordered that cases under such circumstances are to be remanded to state court pursuant it Sub-section 1447(c).[42]

WHEREFORE, for the foregoing reasons, Defendant Kenton Girard, by and through his attorney, Stephen M. Komie of Komie and Associates

---

[40] 28 U.S.C. § 1447.

[41] *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024); *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 310 (2020) ("'Shall' connotes a requirement."); *Int'l Primate Prot. League*, 500 U.S. at 89, 111 S.Ct. 1700 ("[T]he literal words of § 1447(c) . . . on their face, give . . . no discretion to dismiss rather than remand an action.").

[42] *Thompson v. Army and Air Force Exchange Service*, 125 F.4th 831, 835-36 (7th Cir.2025).

respectfully requests this Honorable Court to enter an order denying Plaintiff's Motion to Dismiss or, in the alternative, to Remand.

Respectfully submitted,

Kenton Girard, Defendant
by and through his attorneys,
Komie and Associates

By: /s/ Stephen M. Komie
Komie and Associates
134 North La Salle Street, Suite 1120
Chicago, Illinois 60602
312-263-2800