**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JANE F GIRARD,
          Plaintiff

     v.

MARISSA GIRARD, *et al.*,
          Defendants

No. 26 CV 1399

Judge Jeremy C. Daniel

**ORDER**

The plaintiff's motion to remand [17] is granted. This case is remanded to the state court forthwith. The plaintiff's motion for fees [55] is granted in part. In her filing, Marissa Girard acknowledged the plaintiff's motion for fees but did not offer a substantive response. Given the history of this case, which includes the prior removal attempts, the Court (again) finds the removal frivolous and awards the plaintiff costs and attorneys' fees in the amount $19,547.50. Marissa Girard must remit payment to the plaintiff on or before May 7, 2026. The Court denies the plaintiff's motion as to Mr. Makedonski. Kenton Girard's motion for leave to file an amended response [53] is denied. While the Court understands that new counsel may have different or additional views, it does not warrant resetting the briefing schedule. Civil case terminated.

**STATEMENT**

This case, originally filed in the Circuit Court of Cook County, Case No. 2015-D-009633, is before this Court for the third time. The case has come back before this Court in highly circuitous fashion, and Defendant Marissa Girard is now making a second attempt at removal. Marissa first attempted removal in Case No. 25 C 4586 based on Defendant Kenton Girard's federal cross-claim against her. The Court remanded, explaining that removal must be based on whether the original pleading, not a cross-claim, presents a basis for federal jurisdiction. *Girard v. Girard*, No. 25 C 4586, Dkt. 36 at 9–14 (N.D. Ill. May 29, 2025). On appeal, Marissa also raised 28 U.S.C. § 1443(1) governing removal of civil rights cases as a possible basis for removal, which the Seventh Circuit described as "not just tardy and contrived," but "frivolous." *Girard v. Girard*, 160 F.4th 845, 849 (7th Cir. 2025). About six months later, this case was again removed—this time by Kenton—in Case No. 26 C 42 based on a cross-claim Marissa filed against him. Kenton argued that both the cross-claim and § 1443(1) provided grounds for removal; for the reasons articulated in the first

removal's proceedings, the Court rejected both of these arguments. *Girard v. Girard*, No. 26 C 42, Dkt. 31 at 8–10 (N.D. Ill. Jan. 21, 2026).

Now, again relying on § 1443(1), Marissa is attempting removal for a second time (the third such attempt in total). (R. 1.) On February 3, 2026, Kenton filed in the state case a "Notice as to Intrastate Transfer of Venue" "provid[ing] notice that the venue of the proceedings . . . has been transferred pursuant to Illinois Supreme Court Rule 187 and effective immediately to the Madison County Circuit Court."[1] (R. 1-2 at 121–22.)[2] The same day, Marissa filed a Notice of Removal in the U.S. District Court for the Southern District of Illinois. (R. 1.) The case was initially assigned to Judge J. Phil Gilbert of the Southern District of Illinois. (R. 3.) He observed that "[t]here is no evidence that [Kenton's] motion [for intrastate transfer] was granted, and a search for the case in the Madison County court records for any of the parties to the Cook County action yields no results." (R. 9 at 1.) Accordingly, Judge Gilbert found that venue was improper and transferred the case to this district. (*Id.* at 2.)

The plaintiff moves for dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or, alternatively, for re-re-remand to the state court. (R. 17.) Specifically, the plaintiff requests that the Court declare Marissa's "Notice of Removal a nullity subject to dismissal, [meaning] her actions had no effect on the Circuit Court of Cook County's jurisdiction" over this case. (R. 17 ¶ 15.) Relying on the Ninth Circuit's decision in *Casola v. Dexcom, Inc.*, 98 F.4th 947 (9th Cir. 2024), she argues that because Marissa "purports to remove to federal court an action which does not exist, dismissal, rather than remand, is appropriate." (R. 17 ¶ 13.)

The Ninth Circuit in *Casola* concluded that the notice of removal in that case was "without legal effect" because it was "premature"—that is, filed prior to any state case existing. *Casola*, 98 F.4th at 954. Under California state law, the state case had not yet been "filed," and therefore was not removable. *Id.* at 962. The Ninth Circuit explained that this "foundational defect—the absence of an existing civil action in state court— . . . rendered [the removal] not just defective but legally null and void. There were no pending civil actions that could be removed when [the defendant] filed its initial notice[] of removal because the complaint[] had not been officially filed." *Id.* at 963. "This logically leads to the conclusion that . . . the premature . . . notice[] of removal did not confer jurisdiction on the district court to hear the case[] because there w[as] no case[] pending." *Id.*

That is not the situation here. Unlike in *Casola*, some underlying state case does exist. *See Girard v. Girard*, No. 2015-D-009633 (Ill. Cir. Ct.). The plaintiff argues that Marissa's attempt to remove that case, after Kenton purportedly attempted an

---

[1] The Court notes that the referenced rule provides a mechanism for making a motion to transfer venue, but it says nothing about a party unilaterally declaring a transfer.

[2] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

ineffective venue transfer to Madison County, was an effort to remove "[n]othing . . . from nothing." (R. 17 ¶ 16.) In other words, because Marissa attempted to remove the Madison County case, and there was no Madison County case, there was nothing to remove. However, it is critical that the case still existed in Cook County. The Notice of Removal states that it is removing "the action originally filed in the Circuit Court of Cook County . . . bearing case number 2015-D-009633," which exists. (R. 1 at 1.) And though Kenton attempted an ineffectual transfer prior to removal, Judge Gilbert cured this procedural defect when he transferred the case under 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). (R. 9 at 2.) This means that the Court treats the removal as if it were first filed in this district, and dismissal is not the appropriate remedy. Any questions about whether that removal divested the state court of jurisdiction are for the state court to resolve. *See, e.g.*, *Astoria Fed. Sav. & Loan Ass'n/Fidelity N.Y. FSB v. Lane*, 64 A.D.3d 454, 456–57 (N.Y. App. Div. 2009).

Moving to the grounds for removal, the Court observes as an initial matter that "[n]othing in § 1446 forecloses multiple petitions for removal." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999). "A defendant may remove even a previously remanded case if subsequent pleadings or litigation events reveal a new basis for removal." *Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 238 (7th Cir. 2021). But that is not what happened here. The apparent basis for removal is "the Motion to Compel [Marissa's] appearance received January 16[,] 2026[,] which have made ascertainment of removability under Section 1443(1) readily apparent."[3] (R. 1 at 4.) Section 1443 deals with removal based on the inability to "enforce in the courts of such State a right under any law providing for the equal civil rights of citizens." Marissa previously raised a similar argument before the Seventh Circuit the first time she attempted removal, and Kenton raised it on Marissa's behalf when he attempted removal. As the Court explained then, those "[a]ssertions do not come close to satisfying [§] 1443. Marissa's invocation of that provision was not just tardy and contrived[;] it was frivolous." *Girard*, No. 26 C 42, Dkt. 31 at 9:19–22 (citing *Girard*, 160 F.4th at 847–49). The same is true now. Not only is Marissa's continued

---

[3] Though Marissa's response brief does not explicitly cite § 1443(1), it includes arguments Marissa previously made pursuant to that section. (*See* R. 52 ¶ 9.)

Marissa also asserts that "she filed this notice within 30 days of being served with the Notice of USCA Jurisdiction on January 15[,] 2026[,] and the following Trial Order dated January 21[,] 2026[,] rendering paramount importance to the federal question of whether jurisdiction does indeed lie only with the Seventh Circuit at this time, thereby foreclosing a trial in the state court until resolution of the same." (R. 1 at 4.) She does not explain how this provides a basis for removal, nor can the Court glean one, so the Court rejects this argument. She also does not develop this point in her response brief. (*See generally* R. 52.)

invocation of § 1443(1) legally unsound, but it is also frivolous and evinces an improper, dilatory motive in seeking removal. *See* Fed. R. Civ. P. 11(b)(1). There is no new basis for removal, so the case is remanded.

Date: April 2, 2026

JEREMY C. DANIEL
United States District Judge

4